Christina Marie RIGGS and John Wesley Hall, Jr.
*v.* The Hon. Marion HUMPHREY, Circuit Judge,
Pulaski County Circuit Court, First Division

CR 98-889                                    972 S.W.2d 946

Supreme Court of Arkansas
Opinion delivered July 24, 1998

*John Wesley Hall, Jr.*, for appellants.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., and *Todd L. Newton*, Ass't Att'y Gen., for appellee.

PER CURIAM. Christina Marie Riggs and her attorney, John Wesley Hall, Jr., petition the court for the alternative writs of mandamus, prohibition, or certiorari. In their petition they request the circuit court be directed to conduct a *Franz* hearing on Riggs's waiver of her appeal and to set aside the lower court's order directing Hall to file a notice of appeal. The State has filed its response. We grant the petitioners' requests for relief by granting a writ of certiorari.

Our holding in *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988) is controlling. In *Franz*, Ronald Gene Simmons was convicted of capital murder and sentenced to death by the circuit court. After Simmons was sentenced, Simmons declared that he did not wish to appeal, and wanted his sentence carried out expeditiously. The Reverend Louis J. Franz petitioned to intervene as Simmons's next friend and asked for a stay of execution.[1] On appeal, we granted a stay of execution and requested the parties to file briefs addressing five issues — two of

---

[1] The *Franz* court rejected Reverend Franz's attempt to gain standing, but we need not address any standing issues here.

which are pertinent to Riggs's and Hall's present petition. First, the *Simmons* court held that there is no mandatory appellate review in Arkansas for death penalty cases. Second, the court further held that, in Arkansas, a defendant sentenced to death will be able to forego a state appeal only if he has been judicially determined to have the capacity to understand the choice between life and death and to knowingly and intelligently waive any and all rights to appeal his sentence. In so holding, we further said the following:

> In future cases, when a lower court has made a determination that a capital defendant can make a knowing and intelligent waiver of appeal, and has done so, *the State has the burden of bringing the record of the lower court proceeding on this issue to this court for review*. The *record* on this issue *shall, if possible, be lodged* in this court *after the time for appeal has lapsed*, but, in any event, it must be lodged at least seven days before the execution date. *We will then review the proceeding to determine whether the defendant had the capacity to understand the choice between life and death and to knowingly and intelligently waive his rights to appeal his sentence of death*. The standard of review, as in other types of criminal cases, is whether the trial judge's conclusion is clearly erroneous. *Id*. at 189-190. (Emphasis added.)

As is clear from the foregoing holdings in *Franz*, the Pulaski County Circuit Court, First Division, here must conduct a hearing and then determine if Riggs has the capacity to understand the choice between life and death and to knowingly and intelligently waive all rights to appeal her sentence. The State candidly concedes this matter should be remanded for an immediate inquiry into whether Riggs possesses the capacity to waive her right to appeal in a knowing, intelligent, and voluntary manner.

As previously noted, Riggs's conviction judgment was entered on July 1, 1998, and her time for appeal will not lapse until July 31, 1998. The State then has the burden of bringing the record of the lower court's proceeding to this court for its review. Riggs and the State will be given the opportunity to file their respective briefs on the waiver-of-appeal issue. Because the execution date is set for August 15, 1998, and no hearing and petition for review of the hearing have, as yet, been conducted or filed, it

appears impossible to resolve this matter prior to the time this court reconvenes on September 10, 1998. Therefore, we stay Riggs's execution date until the lower court holds its hearing and makes a judicial determination on Riggs's waiver-of-right-to-appeal issue and this court's review of that determination as required under our *Franz* decision. *See also Greene v. State,* 326 Ark. 822, 933 S.W.2d 392 (1996).

Writ of certiorari granted.

NEWBERN, BROWN, and IMBER, JJ., not participating.