Alan WILLETT *v.* STATE of Arkansas

CR 97–341                                989 S.W.2d 508

Supreme Court of Arkansas
Opinion delivered May 6, 1999

*William M. Pearson*, Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Todd L. Newton*, Ass't Att'y Gen., for appellee.

P ER CURIAM. Alan Willett was convicted of two counts of capital murder and we affirmed those convictions in *Willett v. State*, 322 Ark. 613, 911 S.W.2d 937 (1995), but remanded the case for resentencing. Upon resentencing, Willett was again sentenced to death and we affirmed his sentence of death in *Willett v. State*, 335 Ark. 427, 983 S.W.2d 409 (1998). A hearing was then held on January 22, 1999 and Willett waived his right to postconviction remedies under Ark. R. Crim. P. 37 and his right to appointment of an attorney under Rule 37.5. The State now brings this Motion for Final Review. Because we find that Willett was not shown to be competent to waive his right to postconviction remedies, we deny the motion and remand the matter to the trial court for a competency examination and hearing.

Upon the affirmance of a sentence of death by this Court, the circuit court that imposed the sentence of death shall conduct a hearing to consider the appointment of counsel to represent the person in postconviction proceedings. This hearing is to be held within twenty-one days after the mandate issued by the supreme court. Ark. R. Crim. Pro. 37.5(b)(1).

Here, the trial court erred in allowing Willett to waive his right to possible postconviction relief without a competency examination to determine whether he had the capacity to understand the choice between life and death and to knowingly and intelligently waive his right to postconviction proceedings. In *State v. Robbins*, 335 Ark. 380, 985 S.W.2d 293 (1998), we affirmed the finding that the appellant had knowingly and voluntarily waived his right to appeal following his conviction and sentence. In relying on our holding in *Franz v. State*, 296 Ark. 181,

754 S.W.2d 839 (1988), we reiterated the procedure to be fol-
lowed when a defendant elects to waive his right to appeal a death
sentence:

> . . . [T]he State has the burden of bringing the record of the
> lower court proceeding on this issue to this Court for review. . . .
> We will then review the proceeding to determine whether the
> defendant had the capacity to understand the choice between life
> and death and to knowingly and intelligently waive his rights to
> appeal his sentence of death. The standard of review, as in other
> types of criminal cases, is whether the trial judge's conclusion is
> clearly erroneous.

*State v. Robbins*, 335 Ark. 380, 985 S.W.2d 293 (1998).

■ For at least the past decade, we have recognized that the
standard for competency to stand trial is not the equivalent of
competency to elect execution. *Franz v. State*, 296 Ark. 181, 754
S.W.2d 839 (1988) (citing White, *Defendants Who Elect Execution*,
48 U. PITT. L. REV. 853 (1987). Based upon that distinction, we
hold that the waiver of rights to postconviction remedies follow-
ing the affirmance of a death sentence is governed by *Franz* and
subsequent cases.[1]

■ Here, the record reflects that Willett had stated his
desire to waive his right to further postconviction remedies of his
death sentence as well as his right to an attorney, but the record
fails to reflect that a competency examination was conducted to
determine whether Willett had the capacity to choose between
life and death and to knowingly and intelligently waive all rights
to postconviction review of the death sentence. The record
merely reflects the trial court's opinion that nothing had been
brought to the court's attention that indicated there was a question
concerning Willett's competence. Because of our holding in
*Franz*, this finding by the trial court is not sufficient to allow us to
sustain Willett's waiver of his right to postconviction remedies
under Rule 37. Accordingly, we remand the matter to the trial
court for a competency examination and hearing. After the trial
court holds its hearing and makes a judicial determination on Wil-

---

[1] See, *Riggs v. Humphries*, 334 Ark. 231, 972 S.W.2d 946 (1998); *State v. Robbins*,
335 Ark. 380, 985 S.W.2d 293 (1998).

lett's competency to elect execution and waive his right to post-conviction remedies under Rule 37, including his right to an attorney under Rule 37.5, the State shall bring the record of the lower court proceeding to this Court for review in accordance with the procedure set forth in *Franz, supra.*

Motion denied; remanded.