Alan WILLETT *v.* STATE of Arkansas

CR 97-341 993 S.W.2d 929

Supreme Court of Arkansas
Opinion delivered July 15, 1999

*William M. Pearson*, for respondent.

*Mark Pryor*, Att'y Gen., by: *Todd L. Newton*, Ass't Att'y Gen., for petitioner.

P ER CURIAM. Alan Willett was convicted of two counts of capital murder, and we affirmed those convictions in *Willett v. State*, 322 Ark. 613, 911 S.W.2d 937 (1995), but remanded the case for resentencing. Upon resentencing, Mr. Willet was again sentenced to death, and we affirmed that sentence in *Willet v. State*, 335 Ark. 427, 983 S.W.2d 409 (1998). By *per curiam* order entered May 6, 1999, we remanded the matter to the trial court for a competency examination and a judicial determination of whether Mr. Willett is competent to elect execution and waive his right to postconviction remedies under Rule 37, including his right to an attorney under Rule 37.5. *Willett v. State*, 337 Ark. 457, 989 S.W.2d 508 (1999).

During the hearing held on June 18, 1999, the psychiatrist who examined Mr. Willett testified that Mr. Willet was competent to elect between life and death and to knowingly and intelligently waive his right to a postconviction review. The psychiatrist's report, which was introduced into evidence, also established that Mr. Willett was competent to waive his right to appointment of an attorney. Finally, Mr. Willett testified that he wanted to waive his right to postconviction review and his right to appointment of an attorney. Based on this testimony, the trial court found that Mr. Willett had the capacity to understand the choice between life and death and to knowingly and intelligently waive his rights to any further appeal or postconviction relief, including his right to an attorney under Rule 37.5, and that Mr. Willett did freely and voluntarily make a knowing and intelligent waiver of those rights.

The trial court's findings are supported by the transcript. Accordingly, we grant the State's motion for final review and affirm the trial court's findings.