**Lester F. KRUPP, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 91613.**

Supreme Court of Missouri,
En Banc.

Dec. 6, 2011.

Rehearing Denied Jan. 31, 2012.

Scott Thompson, Public Defender's Office, St. Louis, for Krupp.

Jayne T. Woods, Shaun J. Mackelprang, Attorney General's Office, Jefferson City, for State.

ZEL M. FISCHER, Judge.

Lester F. Krupp, Jr., was convicted by a jury of one count of felonious restraint, four counts of deviate sexual assault, and one count of sexual misconduct. Prior to sentencing, Krupp entered into an agreement with the State that he would plead guilty to two additional counts: one count of felonious restraint and one count of second-degree domestic assault. He also agreed to waive his right to a jury trial, right to direct appeal, and right to seek post-conviction relief on the counts tried and also the counts to which he pleaded guilty. In exchange for his pleas of guilty to the additional counts and his waiver of

these rights, the State recommended that Krupp be sentenced to a combined total of 15 years in the Missouri Department of Corrections on all counts. The circuit court rendered a judgment and sentence in accord with the agreement.

Krupp subsequently filed a *pro se* post-conviction relief motion, and, thereafter, counsel filed an amended motion pursuant to Rule 29.15.[1] The motion court denied Krupp's request for an evidentiary hearing and entered written findings of fact, conclusions of law, and judgment overruling the amended motion on the merits.

Krupp appealed the overruling of his motion to the court of appeals. The court of appeals transferred this case to this Court pursuant to Rule 83.02 because of the issue of general interest and importance that the case raised. This Court vacates the motion court's judgment and remands the case with instructions to dismiss Krupp's Rule 29.15 post-conviction motion.

### Facts

Krupp was charged with two counts of felonious restraint, four counts of forcible sodomy, four alternative counts of deviate sexual assault, one count of forcible rape, one alternative count of sexual assault, one count of second-degree domestic assault, and one count of first-degree sexual misconduct. Prior to trial, Krupp moved to sever one count of felonious restraint and one count of second-degree domestic assault. The circuit court sustained the motion and proceeded to trial on the 12 remaining counts.

---

1. The original *pro se* motion that included allegations that may have been considered under Rule 24.035 and Rule 29.15 was amended. The amended motion is pursuant to Rule 29.15 only and only alleges ineffective assistance of counsel to matters related to the counts tried. Once the amended motion is filed, those allegations not included in the amended motion are abandoned. *State ex rel. Bugg v. Roper,* 179 S.W.3d 893, 894 (Mo. banc 2005); Rule 29.15(g).

At the conclusion of the trial, the jury found Krupp guilty of one count of felonious restraint, four counts of deviate sexual assault, and one count of first-degree sexual misconduct. The jury acquitted Krupp on the four counts of forcible sodomy, one count of forcible rape, and one count of sexual assault.

Prior to the sentencing phase of the trial, Krupp and the State made an agreement regarding the two counts that previously had been severed from the jury trial and the sentences to be ordered on the counts tried to the jury. The circuit court put the terms of that agreement on the record. The State explained the agreement as follows:

> [T]he State's recommendation is for the Court to sentence [Krupp] on all the charges for a total of 15 years. In exchange for all that, [Krupp] will waive his right to file a Post Conviction Relief Motion and waive his appeals on all the charges, and in some form or another the sentence will be a three, with a five consecutive to that, with a seven consecutive to that, for a total of 15 years.

The court inquired of Krupp as to whether he understood the agreement.

> Court: Has [your attorney] explained to you that you are entitled to have a jury make a recommendation as to the sentences that should be imposed regarding the counts they found you guilty of last evening[?]
>
> Krupp: Yes.
>
> Court: Is it true you wish to waive your right to jury sentencing and submit to sentencing by the Court pursuant to an agreement your attorney has reached with the office of the Prosecuting Attorney[?]
>
> Krupp: Yes.
>
> Court: Is it also true you wish to waive your right to a trial on the remaining two counts and enter a plea of guilty to both of those pursuant to the State's recommendation?
>
> Krupp: Yes.
>
> Court: Is it also part of the agreement that you are agreeing to waive your right to an appeal, a Motion for New Trial, or a Post Conviction Relief proceedings in this trial?
>
> Krupp: Yes.

The State explained the evidence it would present as to the two counts filed against Krupp and again stated it was recommending a 15–year total sentence for all counts for Krupp. The court again questioned Krupp regarding this recommendation:

> Court: Mr. Krupp, is that your understanding of what the State was going to recommend if you entered a plea of guilty today?
>
> Krupp: Yes.
>
> Court: Has anyone made any threats or promises to you or your family to convince you to enter this plea of guilty?
>
> Krupp: No.
>
> Court: Has your attorney done everything you've asked him to do?
>
> Krupp: Yes.
>
> Court: Has he answered all of your questions?
>
> Krupp: Yes.
>
> Court: Have you been given enough time to discuss this case with your attorney?
>
> Krupp: Yes.
>
> Court: Do you have any complaints or criticisms of him?
>
> Krupp: No.
>
> Court: Do you know of anything he could have done that he didn't do?
>
> Krupp: No.
>
> Court: Or any witnesses that he could have contacted that he didn't contact?
>
> Krupp: No.

Court: Has he investigated this case to your complete satisfaction?

Krupp: Yes.

Court: Do you believe you've been fully advised by your attorney as to all aspects of your case, including your legal rights, and the possible consequences of your plea?

Krupp: Yes.

Court: Do you believe your attorney has adequately, completely, and effectively represented you in your defense to these charges?

Krupp: Yes.

The circuit court continued this line of questioning, walking Krupp through the jury trial process and making sure that he understood that he was waiving this right. The questions then culminated with the following question and response:

Court: Mr. Krupp, are you pleading guilty voluntarily and of your own free will because you are guilty as charged in both counts?

Krupp: Yes.

Based on his testimony, the court found that Krupp's guilty plea was

made voluntarily and intelligently, with a full understanding of the charges and the consequences of his plea, with an understanding of his rights attending a jury trial and the effect of a plea of guilty on those rights. The Court also finds there is a factual basis for the plea. The Court therefore accepts the plea of guilty to the offenses with which he is charged.

The circuit court subsequently began the sentencing phase of the hearing. In that phase, it again asked Krupp a series of questions regarding what rights he was waiving. It asked him specifically about the waiver of his post-conviction rights:

Court: Mr. Krupp, do you understand that pursuant to Missouri Supreme Court Rule 29.15 you have the right to file a motion in this court seeking to vacate, set aside or correct the judgment of conviction or sentences imposed if you claim that your conviction or the sentences imposed violate the constitution and laws of this state or the constitution of the United States or that this Court is without jurisdiction to impose the sentences or that the sentences to be imposed are in excess of the maximum sentences authorized by law? Did you understand that?

Krupp: Yes.

Court: And did you also understand that you were waiving your right to claim that your attorney rendered ineffective assistance to you during the trial?

Krupp: Yes.

The circuit court then allowed the State to call its first and only witness, who was one of Krupp's victims. At the conclusion of this evidence, the Court sentenced Krupp to three years on count 1 of felonious restraint, five years on count 3 of deviate sexual assault, seven years on count 5 of deviate sexual assault, seven years on count 7 of deviate sexual assault, seven years on count 9 of deviate sexual assault, one year on count 12 of sexual misconduct, three years on count 13 of felonious restraint, and three years on count 14 of domestic assault.[2] The circuit court imposed the three three-year sentences for counts 1, 13, and 14 to run concurrently along with the one-year jail sentence for count 12. It imposed the three seven-year sentences for counts 5, 7, and 9 to run concurrently with each other but to run consecutively with the sentences for counts 1, 12, 13, and 14. It imposed

2. The jury acquitted Krupp on counts 2, 4, 6, 8, 10, and 11.

the five-year sentence for count 3 and ran it consecutively with both the sentences for counts 1, 12, 13, and 14 and the sentences for counts 5, 7, and 9. In total, Krupp was sentenced to 15 years in the Missouri Department of Corrections in accord with the agreement.

Prior to concluding the hearing, the circuit court, for the third time, informed Krupp of the rights to post-conviction relief that he was waiving and examined him regarding the assistance of counsel that he received.

> Court: When you made the decision to waive jury sentencing this morning, was that your decision?
>
> Krupp: Yes.
>
> Court: And although you may have consulted with your attorney as to what decision you were going to make, ultimately did you make it on your own?
>
> Krupp: Yes.
>
> Court: And do you believe you were forced or made to make that decision your will in any way?
>
> Krupp: No.

The circuit court also asked Krupp if he understood the sentences that he was receiving and if he was satisfied with his attorney's service.

> Court: Regardless of whether you are satisfied with the sentences that you have received from this Court in this case, are you satisfied with the legal services that you have received from your attorney?
>
> Krupp: Absolutely.

The court concluded by asking Krupp:

> Court: Mr. Krupp, you [understand] that part of the agreement as to sentencing was that you would waive your

right to an appeal of the verdicts of guilt that the jury returned during the trial. Is that correct?

> Krupp: Yes.
>
> Court: And did you also understand that you would waive your right to any claims of ineffective assistance of counsel by your attorney, either at the trial or at the plea of guilty?
>
> Krupp: Yes.

After the circuit court entered its judgment sentencing Krupp, he filed both a direct appeal and a *pro se* motion for post-conviction relief. The court of appeals sustained the State's motion to dismiss his direct appeal based on Krupp's waiver of his right to appeal. Counsel was appointed to represent Krupp on his post-conviction relief motion, and an amended motion for post-conviction relief pursuant to Rule 29.15 was filed on Krupp's behalf. The amended motion requested that the motion court vacate, set aside, or correct judgment and sentence and an evidentiary hearing. It alleged ineffective assistance of Krupp's trial counsel for failing to offer testimony from Krupp's mother to impeach one of the victims, failing to submit a lesser-included offense instruction, and for incorrectly advising Krupp that if he waived his right to direct appeal he would only serve a few months of the agreed-to 15–year sentence.[3]

The motion court denied his request for an evidentiary hearing and denied his claims of ineffective assistance of counsel on the merits. Krupp appealed to the court of appeals. The State filed a motion to dismiss the appeal, which the court of appeals indicated it was inclined to sustain based on the waiver of post-conviction relief, but because of the issue of general interest and importance of whether the

---

**3.** The motion court found that the record clearly showed that Krupp "voluntarily waived his right to appeal, among other rights, in exchange for the State's recommendation of a reduced sentence and no additional charges."

waiver of post-conviction relief pursuant to Rule 29.15 was permissible, transferred the case to this Court.

## Analysis

### Waiver of Rule 29.15 Post–Conviction Relief

■ Krupp argues on appeal that his waiver of post-conviction rights was unknowing, unintelligent, and involuntary due to defense counsel's potential conflict of interest in advising him to waive his post-conviction rights. Krupp relies on Advisory Committee opinion 126 for his position that in the absence of additional counsel without a potential conflict of interest, the waiver of post-conviction remedies cannot be voluntary and intelligent.[4]

Krupp argues that defense counsel's potential conflict of interest alone is enough to render his guilty plea unknowing, involuntary, and unintelligent. He contends defense counsel's interest in avoiding a finding of ineffective assistance of counsel and in protecting his reputation conflicted with Krupp's interest in challenging his convictions based on ineffective assistance of counsel.

The circuit court confirmed that Krupp understood the waiver and that it specifically included the waiver to bring a claim of ineffective assistance of counsel. Moreover, Krupp was questioned by the circuit court extensively about whether defense counsel fully apprised him of the consequences of his agreement, whether he understood his agreement, and whether his decision to enter into the agreement was the result of his own free will.

Krupp received a substantial benefit in exchange for his waiver of post-conviction relief. The circuit court could have sentenced Krupp to as much as 50 years[5] in the Missouri Department of Corrections. Instead, because of the agreement between Krupp and the State, the assistant prosecuting attorney recommended a combined sentence of 15 years on all eight counts. The circuit court approved the agreement and sentenced Krupp to serve a combined total of 15 years.

■ For the reasons set forth and explained in *Cooper v. State*, 356 S.W.3d 148 (Mo. banc 2011), handed down contemporaneously with this opinion, this Court holds that a waiver must be knowing, voluntary and intelligent, but that allegations of only a potential conflict of interest based on defense counsel's advice concerning the waiver of post-conviction relief pursuant to

---

4. It is important to note that discipline could not be sought against defense counsel or the assistant prosecuting attorney in this case for a potential violation of Advisory Committee opinion 126 because Krupp's waiver of his post-conviction rights predated the issuance of this opinion. Rule 5.30(a) states that "[t]he advisory committee may give formal opinions as to the interpretations of Rules 4, 5, and 6" and provides a mechanism for judicial review of formal opinions. Rule 5.30(b) provides that "any member of the bar who is substantially and individually aggrieved by any formal opinion of the advisory committee may petition this Court for review of the opinion." No attorneys have petitioned this Court to review Advisory Committee opinion 126, nor has any discipline ever been sought against an attorney for violating Advisory Committee opinion 126.

5. Krupp was convicted of five class C felonies and one class A misdemeanor. Each C felony carried a maximum sentence of seven years. Section 558.011(3), RSMo Supp.2005. The one class A misdemeanor carried a maximum sentence of one year. Section 558.011(5), RSMo Supp.2005. If Krupp was convicted of the two additional counts for which he had not yet been tried, was given the maximum sentence on all eight counts, and the circuit court chose to run each sentence consecutively, Krupp's total sentence would have been 50 years in the Missouri Department of Corrections.

Rule 29.15, including allegations of ineffective assistance of counsel, do not render an agreement unknowing, involuntary, or unintelligent.

 To prevail on a claim of ineffective assistance of counsel based on an actual conflict of interest, it must be alleged and demonstrated that the waiver was not knowing, voluntary and intelligent and that there was an actual conflict of interest that adversely affected defense counsel's performance. *Id.* at 155. Furthermore, in order to plead and prove an actual conflict of interest, "something must have been done by counsel or something must have been forgone by counsel and lost to the defendant, which was detrimental" to the defendant and advantageous to the other. *Id.*[6]

Krupp's motion to vacate, set aside or correct judgment and sentence and request for evidentiary hearing contains allegations that his defense counsel rendered ineffective assistance during the course of his trial by failing to offer testimony from Krupp's mother to impeach one of the victims, failing to submit a lesser-included offense instruction, and for incorrectly advising Krupp that if he waived his right to a direct appeal, he would only serve a few months of the agreed-to 15–year sentence. These allegations are clearly refuted by the record. Furthermore, the record in this case clearly demonstrates that Krupp was properly informed of his rights, and his waiver of those rights was made knowingly, voluntarily, and intelligently.

### Conclusion

Because Krupp knowingly, voluntarily, and intelligently agreed to waive his post-conviction rights after his trial, this Court vacates the motion court's judgment and remands the case with instructions to dismiss Krupp's Rule 29.15 post-conviction motion.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and PRICE, JJ., and MARTIN, Sp.J., concur.

DRAPER, J., not participating.

---

**6.** To prevail, based on an allegation that his counsel had "a conflict of interest that violated his Sixth, Eighth, and Fourteenth Amendment rights" and "the companion clauses of the Missouri Constitution," movant "must demonstrate that an actual conflict of interest adversely affected counsel's performance." *State v. Roll,* 942 S.W.2d 370, 377 (Mo. banc 1997).