**Willie E. COOPER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 91695.**

Supreme Court of Missouri,
En Banc.

Dec. 6, 2011.

Rehearing Denied Jan. 31, 2012.

---

Scott Thompson, Public Defender's Office, St. Louis, MO, for Appellant.

John W. Grantham, Jefferson City, MO, for Respondent.

ZEL M. FISCHER, Judge.

Willie E. Cooper pleaded guilty to two counts of stealing property of a value of more than $500 in violation of § 570.030, RSMo Supp.2004. As part of the plea agreement, Cooper waived his right to file any future motion for post-conviction relief under Rule 24.035 in exchange for the State recommending a 15–year sentence on each count to run concurrently with a suspended execution of the sentences and a five-year probationary term. The circuit court rendered a judgment and sentences in accord with the plea agreement. Cooper subsequently violated the terms of his probation, his probation was revoked, and his 15–year sentences were ordered executed. Thereafter, Cooper filed a Rule 24.035 motion for post-conviction relief alleging that defense counsel was ineffective.

The motion court denied Cooper's request for an evidentiary hearing and entered written findings of fact, conclusions of law, and judgment overruling the amended motion on the merits. Cooper appeals. After opinion by the court of appeals, this Court ordered the case transferred and has jurisdiction. Mo. Const. art. V, § 10. This Court vacates the motion court's judgment and remands the case with instructions to dismiss Cooper's Rule 24.035 post-conviction motion.

## Facts

Cooper was charged with two separate counts of stealing more than $500 worth of property in violation of § 570.030. Each count arose from a separate incident and, therefore, was given a separate case number. One count arose from Cooper stealing 49 Timberland brand men's shirts from a Dillard's department store. The other count arose from Cooper stealing 11 bottles of perfume from a Victoria's Secret store.

On October 24, 2008, Cooper pleaded guilty to both counts. During the plea hearing, the circuit court found that Cooper was a persistent offender pursuant to § 558.016.3, RSMo Supp.2004. Cooper's persistent offender status enhanced his potential sentence for each count from 7 years to 15 years. The court then described the underlying facts of each count separately and followed the description with substantially the same series of questions, to which Cooper gave the same responses:

Court: To that charge, sir, do you desire to enter a plea of guilty or not guilty?

Cooper: Guilty, sir.

Court: Is that plea made voluntarily by you of your own free will?

Cooper: Yes, sir.

Court: Has anyone forced you to enter to a plea of guilty to that charge?

Cooper: No, sir.

The Court then questioned Cooper regarding the effectiveness of his counsel:

Court: Are you satisfied with [your counsel's] representation of you?

Cooper: Yes, sir.

Court: Is there anything about her representation of you with which you're dissatisfied?

Cooper: Everything that she did, I asked her to.

Court: Is there anything you asked her to do that she did not do?

Cooper: No, sir. She did everything.

Court: Is there anything you asked her not to do that she did, even though you asked her not to do it?

Cooper: No, sir.

Court: Has she put any pressure on you or in any way forced you to enter a plea of guilty to either of these charges?

Cooper: No, sir.

Court: Has anyone else?

Cooper: No, sir.

Court: Whose decision is this, sir?

Cooper: Mine, sir.

Court: Is it your free and voluntary decision?

Cooper: Yes, sir.

After putting these questions and Cooper's responses on the record, the circuit court inquired of the State as to what the terms of Cooper's plea agreement were. The prosecuting attorney explained that

[i]n exchange for [Cooper's] pleas of guilty, as well as his waivers of his post conviction relief remedies, the State is recommending that the Court sentence [Cooper] to serve 15 years in Missouri Department of Corrections [on each count to run concurrently] and that the Court suspend execution of those sentences and place [Cooper] on five years supervised probation.

Before concluding the hearing, the circuit court also questioned Cooper regarding the waiver of his post-conviction rights:

Court: Now, as part of the plea agreement, it's my understanding that you are also waiving your right to post-conviction remedy under Rule 24.035; is that correct?

Cooper: Yes, sir.

Court: All right. Is that a free and voluntary decision by you, sir?

Cooper: Yes, sir.

Court: I want to go through those rights with you, just to make sure that you know what you're giving up.

Mr. Cooper, you have the—once you are sentenced, you have the right under Rule 24.035 to file within 180 days after your delivery to the custody of the Missouri Department of Corrections to file a motion to vacate, set aside or correct the judgment or conviction or sentence if you claim that, One, your conviction or the sentence imposed violates the Constitution or laws of the State of Missouri or the Constitution of the United States or [Two,] that the Court was without jurisdiction to impose the sentence or, Three, that the sentence imposed was in the excess of the maximum sentence authorized by law. Has your attorney explained this procedure to you, sir?

Cooper: Yes, sir.

Cooper also signed a waiver of his right to file a motion under Rule 24.035 for post-conviction relief. In the waiver, Cooper acknowledges that he was informed of his right to file a motion for post-conviction relief pursuant to Rule 24.035 including relief for "[i]neffective assistance of trial and appellate counsel." The waiver provides that

having been so informed of [his] rights to post conviction relief as stated above, [Cooper] waives the right to file any such motion in return for the State's agreement to recommend a specific sentence to the Court, or for such other agreements on behalf of the State. By so agreeing to waive this right [Cooper] understands that [he] will be forever barred from raising any such claims as enumerated above [i.e. ineffective assistance of counsel]. [Cooper] also states to the Court that this waiver is made knowingly, voluntarily, and intelligently,

with a full understanding of the above rights.

At the bottom of the waiver appear the signatures of Cooper, his attorney, the assistant prosecuting attorney, and the trial judge.

At the conclusion of the hearing, the court found that Cooper

has freely, voluntarily and knowingly entered his pleas of guilty, has freely, voluntarily and knowingly waived all Constitutional rights attendant thereto. The Court accepts the pleas of guilty. The Court accepts the waiver of the Constitutional rights. And based upon his admissions to the contents of the information in lieu of indictment, the Court finds he is, in fact, guilty of the felony charge beyond a reasonable doubt. The Court further finds that he has freely, voluntarily and knowingly waived his right to proceed under Rule 24.035.

The circuit court sentenced Cooper as a persistent offender to a 15–year sentence on each count to run concurrently. It suspended execution of these sentences and placed Cooper on probation for a period of five years.

Cooper subsequently violated the terms of his probation, his probation was revoked, and the circuit court ordered executed both 15–year sentences to run concurrently. Thereafter, Cooper filed a *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed motion counsel, who filed an amended motion and requested an evidentiary hearing. The motion alleged that defense counsel was ineffective because she coerced Cooper into accepting the guilty plea by threatening to withdraw from the case if he did not plead guilty, by promising him that he would receive the maximum sentence under the law if the case was tried, and by falsely telling him that the circuit court would try the two cases together.

The motion court denied the request for an evidentiary hearing and overruled the motion on the merits. In its judgment, the motion court found that Cooper's "allegation of ineffective assistance of counsel by coercing [Cooper] to plead guilty is refuted by the records of [Cooper's] plea and sentencing hearings." It further found that "[t]he transcript reveal[ed] that [Cooper] stated under oath that he was pleading guilty to the charges voluntarily of his own free will; that no one forced him to enter pleas of guilty to the charges; and that he was satisfied with [his counsel's] representation."

## Standard of Review

### Guilty Plea and Ineffective Assistance of Counsel

This Court's review of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling.

To show he was entitled to an evidentiary hearing on his Rule 24.035 motion, Movant must show that (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him. An evidentiary hearing may only be denied when the record conclusively shows that the movant is not entitled to relief.

*Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009) (internal citations omitted). "If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997) (internal citations omitted). "A guilty plea not only admits guilt but also consents to judgment of conviction without a jury trial. Accordingly, a guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* To show prejudice in a guilty plea case, a defendant must prove that, but for the errors of counsel, he would not have pleaded guilty and would have demanded trial. *Id.* Further, by entering a knowing and

voluntary guilty plea, a defendant waives "all nonjurisdictional defects, including statutory and constitutional guaranties." *Feldhaus v. State*, 311 S.W.3d 802, 804 (Mo. banc 2010).[1]

## Analysis

### Waiver of Rule 24.035 Post–Conviction Relief

■ Cooper argues on appeal that his waiver of post-conviction rights was unknowing, unintelligent, and involuntary due to defense counsel's potential conflict of interest in advising him to waive his post-conviction rights.[2] Cooper does not allege an actual conflict of interest. Instead, he relies on Advisory Committee opinion 126 for his position that, in the absence of additional counsel without a potential conflict of interest, the waiver of

---

1. "[W]hile the general rule is that a plea of guilty voluntarily and understandably made waives all non-jurisdictional defects and defenses, the courts will recognize an exception to this general rule of waiver if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence." *State ex rel. Green v. Moore*, 131 S.W.3d 803, 805 (Mo. banc 2004) (internal citations and quotations omitted). "In determining whether such a jurisdictional defect is evident on the face of the record, Missouri courts will consider the State's information or indictment and the transcript of a movant's guilty plea." *Id.* at 806 (internal quotations omitted).

2. The movant did not allege in his Rule 24.035 motion that his waiver of post-conviction relief pursuant to Rule 24.035 was not knowingly, intelligently, and voluntarily given. The State is not required to file a responsive pleading to a Rule 24.035 motion. The motion court "reviewed and on its own motion [took] judicial notice of the court files, transcripts of the pleas, sentencing, probation revocation hearing, and the 29.07 examination...." The motion court thereafter "determined that an evidentiary hearing is not required."

The motion court specifically found that Cooper's "allegation of ineffective assistance of counsel by coercing [him] to plead guilty is refuted by the records of [his] plea and sentencing hearings. The transcript reveals that [Cooper] stated under oath that he was pleading guilty to the charges voluntarily of his own free will, that no one forced him to enter pleas of guilty to the charges; and that he was satisfied with [counsel's] representation." In addition to other conclusions of law, the motion court concluded Cooper had "not stated any grounds upon which relief can be granted or which would necessitate an evidentiary hearing...."

The motion court did issue findings of fact and conclusions of law on all issues presented by the motion as required by Rule 24.035(h) and (j). The motion court cannot be reversed for failure to make a finding of fact or conclusion of law to an issue not presented. In the future, if a movant alleges that a waiver of post-conviction relief was not given knowingly, voluntarily or intelligently because an actual conflict of interest that adversely affected defense counsel's performance, the motion court shall comply with the requirements of Rule 23.035(h) and (j) and make findings of fact and conclusions of law regardless of whether a hearing is held. *Burgess v. State*, 342 S.W.3d 325 (Mo. banc 2011).

post-conviction remedies cannot be voluntary and intelligent. Cooper concedes separate counsel could advise a defendant to waive his post-conviction remedies.

■ It has been settled law in this state and many other states that "[a] movant can waive his right to seek post-conviction relief in return for a reduced sentence if the record clearly demonstrates that the movant was properly informed of his rights and that the waiver was made knowingly, voluntarily, and intelligently." *Jackson v. State*, 241 S.W.3d 831, 833 (Mo. App.2007); *see, e.g., Allen v. Thomas*, 265 Ga. 518, 458 S.E.2d 107, 108 (1995); *Stahl v. State*, 972 So.2d 1013, 1015 (Fla.Dist.Ct. App.2008) (a defendant may waive the right to collaterally attack the judgment and sentence when the waiver is stated in the plea agreement and is knowingly and intelligently given); *Willett v. State*, 338 Ark. 465, 993 S.W.2d 929, 929–30 (1999) (recognizing that a defendant can waive postconviction remedies in a plea agreement); *Medel v. State*, 184 P.3d 1226, 1228 n. 3 (Utah 2008) (citing *United States v. Wright*, 43 F.3d 491, 494 (10th Cir.1994) ("Having pleaded guilty, a defendant's only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea.")).[3]

■ Federal court precedent supports the holding that a defendant may waive the right to post-conviction relief in a plea

agreement. *See, e.g., DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir.2000) (noting that the Eighth Circuit previously had upheld a defendant's plea agreement promise to waive post-conviction challenges); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir.1999) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *United States. v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994) ("[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."); and *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993) ("A knowing and voluntary waiver of a statutory right is enforceable."). A defendant's plea agreement waiving the right to seek post-conviction relief does not, however, waive his or her right to argue the decision to enter the plea was not knowing, voluntary, and intelligent.[4] *DeRoo*, 223 F.3d at 923–24.

Cooper argues that defense counsel's potential conflict of interest alone is enough to render his guilty plea unknowing, involuntary, and unintelligent. He contends defense counsel's interest in avoiding a finding of ineffective assistance of counsel and in protecting her reputation conflicted with Cooper's interest in challenging his convictions based on ineffective assistance of counsel. This is an issue of first impression for this Court.[5]

---

**3.** Courts permitting the waiver of post-conviction rights sometimes have relied on the same analysis as courts permitting the waiver of a right to appeal, allowing the waiver so long as it is knowing, voluntary and intelligent. *See, e.g., Watson v. United States*, 165 F.3d 486, 489 (6th Cir.1999); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994).

**4.** A defendant who claims his decision to enter a plea was not knowing, voluntary, or intelligent may raise this argument through a federal or state *habeas* petition. To receive state *habeas* relief on a claim not raised in a

post-conviction motion, a defendant must "assert either: (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense—that is, a cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to his actual and substantial disadvantage." *Brown v. State*, 66 S.W.3d 721, 731 (Mo. banc 2002).

**5.** Advisory Committee opinion 126, set out in full later in this opinion, concluded:

To prevail on a claim of ineffective assistance of counsel founded on counsel's conflict of interest, ... movant must show that an actual conflict of interest adversely affected his lawyer's performance. In order to prove a conflict of interest, something must have been done by counsel, or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another. Furthermore, the mere existence of a possible conflict of interest does not automatically preclude effective representation.

*Helmig v. State,* 42 S.W.3d 658, 680 (Mo. App.2001) (internal citations and quotations omitted). *See also Roll,* 942 S.W.2d at 377 (To prevail, based on an allegation that his counsel had "a conflict of interest that violated his Sixth, Eighth, and Fourteenth Amendment rights" and "the companion clauses of the Missouri Constitution," movant "must demonstrate that an actual conflict of interest adversely affected counsel's performance.").

■ In analogous cases, courts have held that a defendant's plea agreement waiver of the right to seek post-conviction relief does not waive the defendant's right to argue that the decision to enter the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel. *See, e.g., DeRoo,* 223 F.3d at 924 (noting that the decision to enter into a plea agreement cannot be knowing and voluntary when the plea itself is the result of ineffective assistance, but finding that based on the record on appeal the defendant's ineffective assistance claim failed on the merits); *United States v. Cockerham,*

237 F.3d 1179, 1187 (10th Cir.2001) (holding that a "plea agreement waiver of post-conviction rights does not waive the right to bring [a petition] based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver"). As the court in *Cockerham* noted, however, there must be a factual basis for the claim of ineffective assistance in order to survive a waiver of post-conviction relief. *Id.* To determine if a defendant has overcome the waiver of his or her post-conviction right to raise an ineffective assistance claim, a court must determine "whether there is any basis for a claim of ineffective assistance of counsel" and "whether that ineffectiveness claims pertains to the validity of the plea." *Id.* (citing *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)).

The circuit court confirmed that Cooper read, understood, and signed the waiver. The court verified that his waivers in both cases were part of the plea agreement whereby the State agreed to recommend that the execution of both of his sentences be suspended and that he be placed on probation in exchange for his waiver of rights and guilty plea.

Moreover, Cooper was questioned by the circuit court extensively about whether defense counsel fully apprised him of the consequences of his decision to plead guilty, whether he understood his decision, and whether his decision was the result of his own free will. There are no allegations in the motion, that are not refuted by the record, that allege defense counsel failed to exercise the customary skill and diligence a reasonably competent attorney would have exercised under similar cir-

---

We do not believe the Rules of Professional Conduct prohibit a defense counsel and prosecutor from entering into a plea agreement that involves waiver of other post-conviction rights, unless such a waiver violates the Constitution or other laws. Analysis of whether it would violate the Constitution or other laws is beyond the scope of this opinion.

cumstances and that Cooper was prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Cooper cites to Advisory Committee opinion 126 issued May 19, 2009, concerning the issue of whether it is a violation of the professional code of ethics for defense counsel to advise the defendant regarding the waiver of the right to postconviction relief. The opinion states:

> We have been asked whether it is permissible for defense counsel in a criminal case to advise the defendant regarding waiver of the right to seek post-conviction relief under Rule 24.035, including claims of ineffective assistance by defense counsel. We understand that some prosecuting attorneys have expressed intent to require such a waiver as part of a plea agreement.

> It is not permissible for defense counsel to advise the defendant regarding waiver of claims of ineffective assistance of counsel by defense counsel. Providing such advice would violate Rule 4–1.7(a)(2) because there is a significant risk that the representation of the client would be materially limited by the personal interest of defense counsel. Defense counsel is not a party to the post-conviction relief proceeding but defense counsel certainly has a personal interest related to the potential for a claim that defense counsel provided ineffective assistance to the defendant. It is not reasonable to believe that defense counsel will be able to provide competent and diligent representation to the defendant regarding the effectiveness of defense counsel's representation of the defen-

dant. Therefore, under Rule 4–1.7(b)(1), this conflict is not waivable.

> We have also been asked whether it is permissible for a prosecuting attorney to require waiver of all rights under Rule 24.035 when entering into a plea agreement. We believe that it is inconsistent with the prosecutor's duties as a minister of justice and the duty to refrain from conduct prejudicial to the administration of justice for a prosecutor to seek a waiver of post-conviction rights based on ineffective assistance of counsel or prosecutorial misconduct. *See,* Rules 4–3.8 and 8.4(d).

> We note that at least three other states have issued opinions consistent with our view.

> We do not believe the Rules of Professional Conduct prohibit a defense counsel and prosecutor from entering into a plea agreement that involves waiver of other post-conviction rights, unless such a waiver violates the Constitution or other laws. Analysis of whether it would violate the Constitution or other laws is beyond the scope of this opinion.

Rule 5.30(a) states that "[t]he advisory committee may give formal opinions as to the interpretations of Rules 4, 5, and 6" and provides a mechanism for judicial review of formal opinions. Rule 5.30(b) provides that "any member of the bar who is substantially and individually aggrieved by any formal opinion of the advisory committee may petition this Court for review of the opinion." No attorneys have petitioned this Court to review Advisory Committee opinion 126, nor has any discipline ever been sought against an attorney for violating Advisory Committee opinion 126.[6] Further, for unexplained reasons, Adviso-

---

**6.** It is important to note that discipline could not be sought against defense counsel or the assistant prosecuting attorney in this case for a potential violation of Advisory Committee opinion 126 because Cooper's waiver of his post-conviction rights predated the issuance of this opinion.

ry Committee opinion 126 does not reference or discuss state and federal court decisions, some of which are referenced previously, that approve the waiver of post-conviction relief as a part of a plea bargain.

Furthermore, even if defense counsel was sought to be disciplined, which no one has sought to do, a violation of a professional rule of discipline does not equate to a constitutional violation. *See Nix v. Whiteside,* 475 U.S. 157, 165, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) ("[B]reach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel."); *see also* Rule 4, Scope, paragraph [20] ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.")

Cooper received substantial benefit in exchange for his waiver of post-conviction relief. Even though he was a persistent offender, Cooper was granted probation in accordance with the State's recommendation rather than being sent directly to prison. Cooper was only forced to serve his concurrent 15–year sentences because he violated the terms of his probation. In fact, he continues to receive the benefit of concurrent sentences as opposed to consecutive sentences.

Cooper's motion to vacate, set aside or correct judgment and sentence, and request for evidentiary hearing contains allegations that defense counsel coerced his guilty plea but these allegations are refuted by the record. Cooper has neither alleged nor proven the presence of an actual conflict of interest-that is to say, a claim of ineffective assistance of counsel that pertains to the knowing, voluntary, and intelligent waiver of postconviction rights. The record in this case clearly demonstrates that Cooper was properly informed of his post-conviction rights and the waiver of those rights was made knowingly, voluntarily, and intelligently.

## Conclusion

Because Cooper knowingly, voluntarily, and intelligently waived his postconviction rights, this Court vacates the motion court's judgment and remands the case to the motion court with instructions to dismiss Cooper's Rule 24.035 post-conviction motion.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, STITH and PRICE, JJ., and MARTIN, Sp.J., concur.

DRAPER, J., not participating.