■■■ Finally, the State correctly notes that the written judgment and sentence form does not accurately reflect the trial court's finding that Movant is a prior and persistent drug offender. At sentencing, however, the court orally sentenced Movant as a prior and persistent drug offender. Clerical mistakes can be fixed by the trial court, if they are the result of omission or oversight. Rule 29.12(c). A clerical mistake on the written judgment and sentence form "involving the marking of boxes designated for memorializing a finding of a defendant's prior and persistent offender status is considered a clerical mistake." *State v. Gibbs*, 306 S.W.3d 178, 183 (Mo.App. E.D.2010). This type of mistake can be corrected by a *nunc pro tunc* order when the record clearly reflects the trial court's intention for a defendant to be sentenced as a prior and persistent drug offender. *Id.* Here, a *nunc pro tunc* correction is proper because the written judgment and sentence form does not correctly reflect the trial court's oral sentence of Movant as a prior and persistent drug offender.

Robert CROSS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 96054.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 28, 2012.

Andrew E. Zleit, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., John W. Grantham, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The movant, Robert Cross, appeals the judgment denying his motion for post-conviction relief. We hold that Mr. Cross waived his right to seek post-conviction relief. Thus we vacate the motion court's judgment and remand the cause to the motion court with instructions to dismiss Mr. Cross's motion.

### Facts and Procedural History

The State charged Mr. Cross with one count of first-degree robbery, Section 569.020 RSMo 2000,[1] one count of first-degree burglary, Section 569.160, one count of felony stealing, Section 570 .030, one count of theft of a credit card, Section 570.030, and two counts of armed criminal action, Section 571.015. The State and Mr. Cross negotiated a plea agreement by which Mr. Cross agreed to enter pleas of guilty to each of the six charged counts. As part of the plea agreement, Mr. Cross further agreed to waive his right to file a motion for post-conviction relief under Rule 24.035 in the case, and to dismiss his post-conviction motion that he had filed in a different case. In exchange for Mr. Cross's pleas of guilty and his waiver of post-conviction rights, the State agreed to recommend a sentence of fifteen years' imprisonment for the robbery, fifteen years' imprisonment for the burglary, five years' imprisonment for the felony stealing, five years' imprisonment for the credit-card theft, and three years' imprisonment for each of the armed-criminal-action charges. The State also recommended that the sentences be served concurrently

---

1. All statutory citations are to RSMo 2000.

with one another and with the sentences Mr. Cross was serving in two other cases.[2] As detailed at the plea hearing, if the court imposed the maximum sentence on each charge and ordered those sentences to run consecutively, Mr. Cross would receive three life terms plus twenty-nine years in prison.

At the plea hearing, the court specifically addressed the waiver of Mr. Cross's right to seek post-conviction relief. Mr. Cross had signed a document titled "Waiver of Right to Proceed under Rule 24.035 for Post Conviction Relief." In this document, Mr. Cross acknowledged that he had been informed of his right to file a motion for post-conviction relief under Rule 24.035 to vacate, set aside, or correct the judgment or sentence. The document then includes the following language:

Defendant understands that such a motion could be filed after judgment or sentence to seek relief from claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of:

1. Ineffective assistance of trial and appellate counsel;
2. The Court imposing the sentence was without jurisdiction to do so; or
3. The sentence imposed was in excess of the maximum sentence authorized by law.

The document continues:

Defendant acknowledges that [he] is aware that relief under Rule 24.035 is the exclusive procedure by which defendant could seek relief for any of the above claims.

Defendant hereby states that having been so informed of [his] rights to post-conviction relief as stated above, defendant waives the right to file any such motion in return for the State's agreement to recommend a specific sentence to the Court, or for such other agreements on behalf of the State. By so agreeing to waive this right Defendant understands that [he] will be forever barred from raising any such claims as enumerated above. Defendant also states to the Court that this waiver is made knowingly, voluntarily, and intelligently, with a full understanding of the above rights.

At the bottom of the waiver appear the signatures of Mr. Cross, his attorney, the assistant prosecuting attorney, and the trial judge. Mr. Cross acknowledged to the plea court that he had read, understood, and signed the waiver document.

Before accepting Mr. Cross's pleas of guilty, the court engaged Mr. Cross in an extensive colloquy regarding his waiver of his post-conviction rights. In sum, the court reiterated the claims that Mr. Cross could raise in seeking post-conviction relief, and repeatedly confirmed that Mr. Cross understood those claims and the fact that he was giving up his right to make those claims. The Court twice asked Mr.

---

**2.** As specifically detailed at the plea hearing, the range of punishment for the first-degree robbery charge was ten to thirty years of imprisonment in the custody of the Department of Corrections. And, since the offense was a class A felony, Mr. Cross would be required to serve 85% of the sentence before being eligible for parole. The range of punishment for first-degree burglary was five to fifteen years' imprisonment. The range of punishment for felony stealing and theft of a credit card was from a day in the county jail to seven years' imprisonment in the Department of Corrections. The range of punishment for the armed-criminal-action charges was a term of imprisonment of not less than three years nor more than life, and on these counts Mr. Cross would be ineligible for parole for at least three years. Additionally, as further explained, the court could order the sentences to run concurrently or consecutively.

Cross if, knowing the rights and claims he was giving up, he still wished to proceed, waive his rights, and enter pleas of guilty. The colloquy is as follows:

THE COURT: Do you understand part of the agreement is also that you waive your right to proceed under Rule 24.035 or Rule 29.07, requesting post-conviction relief; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And I know I went over this—or if I haven't gone over this with you, I'm going to go over it with you again, but you would have a right to claim certain things when asking for post-conviction relief; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You can ask that the plea be set aside for ineffective assistance of counsel, claiming that your lawyer didn't do everything that he could have done; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You could ask that the Court, or claim that the Court didn't have jurisdiction to impose the sentence, or that the sentence imposed was in excess of the maximum sentence authorized by law; do you understand all of that?

THE DEFENDANT: Yes, sir.

THE COURT: And you are giving up that right; is that correct, is that your understanding?

THE DEFENDANT: Yes, sir.

THE COURT: Do you still want to go forward and waive your right to file a motion asking for post-conviction relief?

THE DEFENDANT: Yes, sir.

THE COURT: You have filled out and signed this memo; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Have you gone over this with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Has he explained it all to you?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that part of this again would be to claim that Mr. Nelson, or your attorneys, didn't do everything that you asked them to do?

THE DEFENDANT: Yes, sir.

THE COURT: Or that somehow they have done something wrong; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You are giving up the right to claim that; is that your understanding?

THE DEFENDANT: Yes, sir.

THE COURT: Also as part of this, do you understand that you had filed in the two older cases that you were on probation in this court for, you had filed a motion for post-conviction relief; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And you are now asking that that be dismissed as part of this agreement; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And you filled out a memo signing it. That it is voluntarily dismissed; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Again, do you understand that you are giving up the right to claim that you were not represented properly in those two cases; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Knowing all of this, do you still want to go forward and enter the pleas of guilty here today?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about any of it?

THE DEFENDANT: No, sir.

THE COURT: Have you understood everything that I have said to you?

THE DEFENDANT: Yes, sir.

THE COURT: Other than that, what I have said to you here with regard to the plea agreement, has anybody told you anything different?

THE DEFENDANT: No, sir.

THE COURT: Are you entering pleas of guilty freely and voluntarily because you are, in fact, guilty of each of these charges?

THE DEFENDANT: Yes, sir.

Mr. Cross then formally entered his pleas of guilty to the six charges.

At the conclusion of the hearing, the plea court found a factual basis for the pleas of guilty, and that Mr. Cross had made his pleas voluntarily and intelligently, with a full understanding of the charges, the consequences of the pleas, an understanding of the rights attending a jury trial and the effect of the pleas of guilty on those rights. The court therefore accepted Mr. Cross's pleas of guilty and then sentenced Mr. Cross in accord with the plea agreement.

Despite his waiver, Mr. Cross filed a *pro se* motion to vacate, set aside, or correct the judgment and sentence after being delivered to the Department of Corrections. Appointed counsel then filed an amended Rule 24.035 motion for post-conviction relief and a request for an evidentiary hearing. Mr. Cross advanced three grounds for relief—two ineffective-assistance-of-counsel claims and one claim challenging the waiver. Specifically, he alleged that his trial counsel was ineffective for (1) misadvising him as to the amount of time he would have to serve before becoming eligible for parole; and (2) misadvising him as to how much jail-time credit he would receive. As to the waiver claim, Mr. Cross alleged he was denied his rights to due process in that—against the Rules of Professional Conduct—his plea counsel advised him to waive his rights to post-conviction relief. Mr. Cross argued that there is an inherent conflict of interest in advising one's client to waive claims regarding one's own legal work. Mr. Cross relied on Missouri Supreme Court Rule of Professional Conduct 4–1.7 and Advisory Committee Opinion 126 for his position that neither a prosecutor nor a defense attorney should be a party to a plea agreement that requires a defendant to waive his or her post-conviction rights.[3] Mr. Cross

---

3. Rule 4–1.7, addressing conflicts of interest with current clients, reads:

(a) Except as provided in Rule 4–1.7(b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another client; or
(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under Rule 4–1.7(a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client

thus contended that the State should not have recommended the waiver, plea counsel should not have advised him to accept the waiver, and that the plea court should not have accepted his plea under such terms. The motion court denied the request for an evidentiary hearing and entered findings of fact, conclusions of law, and a judgment denying Mr. Cross's motion both on the merits and also because Mr. Cross had waived his right to proceed under Rule 24.035. Mr. Cross now appeals.

### Discussion

■■ "A movant can waive his right to seek post-conviction relief in return for a reduced sentence if the record clearly demonstrates that the movant was properly informed of his rights and that the waiver was made knowingly, voluntarily,

> against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Formal Opinion 126, interpreting Rules 4–1.7, 4–3.8 and 4–8.4 of the Rules of Professional Conduct, addressed the issue of whether it is a violation of the professional code of ethics for defense counsel to advise the defendant regarding the waiver of the right to post-conviction relief. The opinion reads as follows:

WAIVER OF POST–CONVICTION RELIEF

> We have been asked whether it is permissible for defense counsel in a criminal case to advise the defendant regarding waiver of the right to seek post-conviction relief under Rule 24.035, including claims of ineffective assistance by defense counsel. We understand that some prosecuting attorneys have expressed intent to require such a waiver as part of a plea agreement.
>
> It is not permissible for defense counsel to advise the defendant regarding waiver of claims of ineffective assistance of counsel by defense counsel. Providing such advice would violate Rule 4–1.7(a)(2) because there is a significant risk that the representation of the client would be materially limited by the personal interest of defense counsel. Defense counsel is not a party to the post-conviction relief proceeding but defense counsel certainly has a personal interest related to the potential for a claim that defense counsel provided ineffective assistance to the defendant. It is not reasonable to believe that defense counsel will be able to provide competent and diligent representation to the defendant regarding the effectiveness of defense counsel's representation of the defendant. Therefore, under Rule 4–1.7(b)(1), this conflict is not waivable.

> We have also been asked whether it is permissible for a prosecuting attorney to require waiver of all rights under Rule 24.035 when entering into a plea agreement. We believe that it is inconsistent with the prosecutor's duties as a minister of justice and the duty to refrain from conduct prejudicial to the administration of justice for a prosecutor to seek a waiver of post-conviction rights based on ineffective assistance of counsel or prosecutorial misconduct. See, Rules 4–3.8 and 8.4(d).
>
> We note that at least three other states have issued opinions consistent with our view.
>
> We do not believe the Rules of Professional Conduct prohibit a defense counsel and prosecutor from entering into a plea agreement that involves waiver of other post-conviction rights, unless such a waiver violates the Constitution or other laws. Analysis of whether it would violate the Constitution or other laws is beyond the scope of this opinion.

Rule 5.30 authorizes the Advisory Committee to issue formal opinions and regulations about matters related to Rules 4, 5 and 6. Formal opinions are binding on attorneys. Informal opinions, by contrast, "are not binding." Rule 5.30(c). *Burgess v. State*, 342 S.W.3d 325, 330 (Mo. banc 2011) (J. Wolff concurring).

It is important to note that discipline could not be sought against defense counsel or the assistant prosecuting attorney in this case for a potential violation of Opinion 126 because Mr. Cross's waiver of his post-conviction rights predated the issuance of this opinion. *See Cooper*, 356 S.W.3d at *154 n. 5 Furthermore, even if defense counsel was sought to be disciplined, a violation of a professional rule of discipline does not equate to a denial of the 6th Amendment guarantee of assistance of counsel. *Id.* at 156–57.

and intelligently." *Jackson v. State*, 241 S.W.3d 831, 833 (Mo.App. E.D.2007); *Cooper v. State*, 356 S.W.3d 148, 154 (Mo. banc 2011). "A defendant's plea agreement waiving the right to seek post-conviction relief does not, however, waive his or her right to argue the decision to enter the plea was not knowing, voluntary, and intelligent." *Cooper*, 356 S.W.3d at 154.

■ Mr. Cross did assert two ineffective-assistance-of counsel claims, in which he contended that counsel's misrepresentations affected the voluntariness of his plea. The motion court denied these claims not only on the merits, but also because Mr. Cross had waived his post-conviction rights. Mr. Cross did not appeal the ruling denying his two ineffective-assistance-of-counsel claims on the merits. Instead, he has only pursued his freestanding claim challenging the purported waiver. Mr. Cross argues that his plea is invalid for the single reason that it included a waiver of his post-conviction rights. He maintains that the presence of the waiver and the potential conflict of interest alone are enough to invalidate his plea. Mr. Cross has not alleged an actual conflict of interest in this case. In essence, Mr. Cross argues for us to adopt and announce a *per se* rule against waivers. We decline his invitation. Mr. Cross's argument is foreclosed by the Missouri Supreme Court's recent companion decisions *Cooper* and *Krupp*, which addressed waivers of post-conviction rights. *Cooper v. State*, 356 S.W.3d 148 (Mo. banc 2011); *Krupp v. State*, 356 S.W.3d 142 (Mo. banc 2011). The movants in those cases likewise relied on Advisory Committee Opinion 126 to similarly argue that plea counsel's potential conflict of interest alone, in advising them to waive their post-conviction rights, rendered their guilty pleas unknowing, involuntary, and unintelligent. The Court reaffirmed the long-settled law that a mov-

ant can waive his right to seek post-conviction relief. *Cooper*, 356 S.W.3d at *153–55; *Krupp*, 356 S.W.3d at 147–48. That waiver, as always, must be knowing, voluntary, and intelligent. *Krupp*, 356 S.W.3d at 147–48. The Court rejected the argument that a potential conflict of interest alone is enough to invalidate a guilty plea, expressly holding that "allegations of only a potential conflict of interest based on counsel's advice concerning the waiver of post-conviction relief ... do not render an agreement unknowing, involuntary, or unintelligent." *Id.*

■ Mr. Cross's argument against the validity of his plea being of no avail, we thus look to see if he made a knowing, voluntary, and intelligent waiver of his right to seek post-conviction relief. Mr. Cross was repeatedly and properly informed of his right to file a Rule 24.035 motion, the claims that could be made therein, and the exclusivity of the procedure for making those claims. He repeatedly stated that he understood those rights. He continually affirmed that he understood the terms of the plea agreement, and that as part of that agreement he agreed to waive his right to seek post-conviction relief, including the right to challenge the effectiveness of his plea counsel's representation. He also confirmed that he read, understood, and signed the waiver document. He denied having any questions about his rights, the plea agreement, or the waiver. He twice assured the court that he understood he was giving up his right to seek post-conviction relief, but nevertheless wished to proceed and enter his pleas of guilty. He affirmed that the decision to waive his rights and plead guilty was the result of his own free will. Mr. Cross waived his right to seek post-conviction relief in exchange for the State's sentencing recommendation. And he received the benefit of

the bargain he made with the State—a substantial reduction in sentence. The record in this case clearly demonstrates that Mr. Cross's waiver was made knowingly, voluntarily, and intelligently after he was informed of the rights he was relinquishing. We therefore hold Mr. Cross to his end of the bargain.

Mr. Cross's waiver precludes any review of the motion court's denial of his motion for post-conviction relief. *Jackson*, 241 S.W.3d at 834; *Dunkin v. State*, 346 S.W.3d 372, 376 (Mo.App. W.D.2011). Because Mr. Cross waived his right to seek post-conviction relief in return for a reduced sentence, we vacate the motion court's judgment and remand the cause with instructions to dismiss Mr. Cross's Rule 24.035 motion.

KATHIANNE KNAUP CRANE, P.J., and KENNETH M. ROMINES, J., concur.