Peter Jason SABATUCCI,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 32143.

Missouri Court of Appeals,
Southern District,
Division One.

July 10, 2013.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, P.J.

Peter Jason Sabatucci ("Movant") appeals the denial of his Rule 24.035 [1] motion for post-conviction relief following an evidentiary hearing. Movant claims that the motion court clearly erred in denying relief because plea counsel was ineffective for not properly advising Movant regarding a motion for change of judge, and Movant was prejudiced as a result, in that had he known the identity of the new judge assigned, he would have chosen to remain with the judge who was originally assigned to his case. Finding that Movant's ineffective assistance of counsel claim was waived by his knowing and voluntary guilty plea, we affirm.

### Factual and Procedural Background

Movant was initially charged in Newton County, and Judge Timothy Perigo was

---

1. References to rules are to Missouri Court Rules (2013).

assigned. Counsel filed a motion for change of venue and change of judge. Venue was changed to McDonald County, and the case was assigned to Judge Kevin Selby. By amended information filed in McDonald County, Movant was charged with the class A felony of murder in the second degree (section 565.021, RSMo 2000) and the class C felony of vehicular assault in the second degree (section 565.060, RSMo Cum.Supp.2007). The charges initially arose after Movant, while driving in an intoxicated condition, struck another vehicle and killed the driver and injured the passenger, who was the wife of the driver.

Movant waived his right to a trial by jury and entered an open plea of guilty before Judge Selby on January 24, 2008. Plea counsel examined Movant on the record. She reviewed the range of punishment for each offense, which Movant indicated he understood. Movant confirmed that he told counsel everything he knew related to the charges and believed that counsel was "totally informed[.]" The plea court inquired into whether Movant understood his constitutional right to remain silent as it related to any potentially unconstitutionally obtained statements or evidence against Movant. Plea counsel then continued her examination, asking Movant to confirm that she had advised him regarding the nature of the charges against him, possible defenses available to him, options for changes of venue and/or judge, his right to a jury trial and his rights attendant thereto, and consequences of waiver of trial. Movant confirmed that he wanted to plead guilty, he did not want a trial, he was satisfied with the legal assistance she provided, there was nothing he wished she had done that she did not do, and there was nothing she did that he wished she had not done. Movant denied that he was mentally ill or had had any alcohol or drugs in the preceding two days.

He further admitted he was guilty, he was driving while intoxicated, and he ran a stop sign and collided with another vehicle, killing the driver and injuring the driver's wife. Movant also admitted to having three previous convictions for driving while intoxicated.

The plea court accepted Movant's guilty pleas, finding they were "freely, voluntarily, and intelligently made[.]" It ordered a sentencing assessment report and set a date for sentencing. The court examined Movant regarding the assistance of counsel, and Movant again confirmed that he had no complaints, counsel had done all he had asked of her and did nothing he did not want her to do, and there was no additional investigation that should have been done on his behalf. The plea court found that Movant had received effective assistance of counsel.

On April 24, 2008, Judge Selby sentenced Movant as a prior and persistent offender within the range of punishment of each charge to serve life in prison on the second-degree murder charge and fifteen years' imprisonment on the second-degree assault charge. The sentences were ordered to be served concurrently. Sentences were pronounced after the plea court again examined Movant regarding the effectiveness of counsel's assistance. Movant once again confirmed he had no complaints and that counsel had done everything he had asked and did nothing he did not ask her to do.

Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. Motion counsel was appointed, and an amended motion was filed wherein Movant alleged, *inter alia,* the following:

> Movant alleges his counsel was ineffective in failing to properly advise Movant regarding his requests for change of judge and venue. Movant alleges that

his counsel sought and obtained a change of venue to move his case from Newton County, Missouri, to McDonald County, Missouri, to which Movant agreed. Movant's counsel also sought and obtained a change of judge from Judge Timothy Perigo to Judge Kevin Selby. Movant alleges that he had not been advised by his counsel that Judge Selby would be assigned as his judge, and Movant would not have agreed to the change of judges if he had been so advised. Movant alleges Judge Selby represented Movant's former wife in Movant's divorce proceeding and therein acquired prejudicial information about Movant. Movant alleges that he received a higher sentence from Judge Selby based on Judge Selby's prior knowledge of Movant and Movant would have chose to have his case remain with Judge Perigo.

An evidentiary hearing was held wherein Movant and plea counsel, Sylvia Byrnes, testified. Ms. Byrnes testified that she remembered filing a motion for change of judge and change of venue, but she had no "specific recall of what the discussion was prior to that" other than that "one of the reasons for moving for change of judge was that [Movant's] case initially was bound over to Judge Perigo, and Judge Perigo had been [Movant's] judge on a previous felony DWI on which he had actually gotten fairly lenient treatment, and [Ms. Byrnes] had some concerns that that would be rather difficult to come back before Judge Perigo and ask for another break." Ms. Byrnes had no specific memory of discussing who the new judge might be or of Movant expressing any concern regarding who might be appointed. After reviewing her notes, Ms. Byrnes further testified that she did not recall knowing that Judge Selby had represented Movant's ex-wife in dissolution proceedings until Movant's mother said something to her

that very morning of the evidentiary hearing. Also, she could not remember Movant telling her that if "he'd known Judge Selby would have been on the case, he would have just stayed with Judge Perigo or chosen to stay with Judge Perigo." Upon examination by the motion court, Ms. Byrnes also testified that she would like to think that she would have moved for removal of the judge for cause if Movant had advised her of the potential conflict and asked her to do so and that she did believe it would have been possible to seek another motion for cause at any time.

During Ms. Byrnes's testimony, the motion court made a record and stated the following:

Clearly, first off, the Court, while seated on this case, frankly, I was unaware of that prior relationship. I would have removed myself if I were aware of it without a motion. I think that that would have been the prudent thing to do. I want the record to be clear and I want the appellate courts, if they review this, to be clear that had a motion for a cause been filed or I had been made aware of that conflict, it's quite easy to find another judge to sit on the case and hear it.

\*     \*     \*

But I think only fair to the defendant and the record to state very clearly the Court's position had the Court been made aware. And if the Court had been made aware of that issue, frankly, you all have seen it in other cases, I will—I just firmly believe that instead of that being a complaint being lodged at a later time, it should be addressed at the time and have another judge assigned. It's a much simpler remedy than worrying about whether it qualifies for cause or not.

Plea counsel and the prosecutor agreed that that had been the judge's practice.

Movant testified that counsel told him "that Judge Perigo wasn't too happy with [Movant][.]" Movant was unsure when he first appeared before Judge Selby. The motion court made a record and stated that the record indicated that Movant appeared before Judge Selby at his arraignment on January 24, 2008, "and that is the time the plea was taken." Movant testified he could not recall when he learned that Judge Selby would be assigned, but once he learned that Judge Selby was assigned to replace Judge Perigo, Movant told counsel that he "had a little concern about it, because ... [Movant was] sure [his ex-wife] didn't have a lot of good things to say about [Movant][,]" and he believed she would have said bad things regarding his drinking problems to her attorney at the time. Movant agreed that if he had known that Judge Selby would be assigned, he would have stayed with Judge Perigo and taken his chances with him.

Following the evidentiary hearing, the motion court issued its findings and conclusions and denied Movant's request for post-conviction relief. Relevant to the issue on appeal, the motion court found as follows:

> Movant claims that he was prejudiced by this court pronouncing sentence upon him. Movant testified at the hearing on this motion that he was unaware that upon entering his plea in front of this court that he would also be sentenced by this court. Movant further claims that had he been aware of this that he would not have [pleaded] guilty, because this court had learned "prejudicial information" about him while representing Movant's ex-wife in their 2002 divorce proceeding. This court stated on the record during the hearing on this motion that the court had no recollection of

Movant at the time Movant entered his pleas in this case and that had this court remembered Movant the court would have recused itself. Trial counsel testified that had Movant made her aware of any concerns that he had at the time the case was assigned to this court that she would have brought it to the court's attention. The only "prejudicial information" that Movant could cite at the hearing was that Movant had a drinking problem at the time of his divorce. However, the record from the file of the divorce proceeding indicates that the divorce was uncontested and that Movant and his ex-wife were granted joint custody. This court does not believe that Movant has met his burden to show that he was prejudiced and the contention that a different judge would have given a lesser sentence is pure conjecture. Claim denied.

Movant timely appeals, raising one point relied on:

> The motion court clearly erred in denying [Movant's] [Rule] 24.035 motion claim that counsel ineffectively failed to properly advise [Movant] regarding a motion for change of judge and venue, because Appellant was denied his right to effective assistance of counsel as guaranteed by the 6th and 14th Amendments to the United States Constitution and Article I, § 18(a) of the Missouri Constitution, in that his attorney obtained a change of judge from Judge Timothy Perigo to Judge Kevin Selby, but Appellant had not been advised by counsel that Judge Selby would be assigned as his judge; [Movant] would not have agreed to the change of judge if he had been properly advised because Judge Selby represented [Movant's] former wife in divorce proceedings against [Movant]; and, if [Movant] had known that Judge Selby would be the new

judge assigned to his case, then [Movant] would have chosen to have his case remain with Judge Perigo.

### Standard of Review

"Appellate review of the trial court's action on the motion filed under ... Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009). The burden is upon Movant "to show by a preponderance of the evidence that the motion court clearly erred in its ruling." *Id.*

Moreover, the motion court's judgment should be affirmed "if the judgment is sustainable on other grounds." *Swallow v. State,* 398 S.W.3d 1, 3 (Mo. banc 2013) (citing *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991)); *see also Greene v. State,* 332 S.W.3d 239, 246 (Mo.App.2010) (holding that the judgment of the post-conviction relief motion court may be affirmed on any legal ground supported by the record if the circuit court arrived at the correct result).

### Discussion

To prevail on his ineffective assistance of counsel claim here, Movant must show that counsel's representation fell below an objective standard of reasonableness (the "performance prong") and that, as a result, Movant was prejudiced (the "prejudice prong"). *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009). Movant must demonstrate that there exists a reasonable probability that, but for counsel's deficient performance, he would

not have pleaded guilty but would instead have insisted on proceeding to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). "A reasonable probability" is defined as " 'a probability sufficient to undermine confidence in the outcome.' " *Id.* (quoting *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000)). If Movant fails to demonstrate that counsel's performance was deficient and that he was prejudiced thereby, Movant's claim must fail. *Stacker v. State,* 357 S.W.3d 300, 304 (Mo.App.2012).

Such an analysis is not required here, however, because " '[i]f conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made.' " *Cooper v. State,* 356 S.W.3d 148, 153 (Mo. banc 2011) (quoting *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997)). "By entering a knowing and voluntary guilty plea, a defendant waives 'all nonjurisdictional defects, including statutory and constitutional guaranties.' " *Cooper,* 356 S.W.3d at 153 (quoting *Feldhaus v. State,* 311 S.W.3d 802, 804 (Mo. banc 2010)).

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Garris v. State,* 389 S.W.3d 648, 651–52 (Mo. banc 2012) (internal quotation marks and citations omitted). In other words, before this Court is called upon to analyze a constitutional ineffective assistance of counsel claim made by a movant after a guilty plea for plea counsel's conduct oc-

curring before the guilty plea, the movant must plead and prove and the motion court must find that the movant's guilty plea was not knowingly or voluntarily made.

■ Here, Movant signed and presented to the plea court his plea petition stating that "I OFFER MY PLEA OF GUILTY FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL THE MATTERS SET FORTH IN THE INFORMATION AND IN THIS PETITION." Following Movant's testimony in support of his guilty plea at the plea hearing, as set forth *supra,* the plea court found that Movant's guilty plea was "freely, voluntarily, and intelligently made[.]" Nowhere in Movant's amended motion for post-conviction relief does he challenge that finding or otherwise allege that his guilty plea was not knowingly or voluntarily made. The motion court was not required to and did not address in its findings of fact and conclusions of law whether Movant's guilty plea was knowingly or voluntarily made because the issue was not presented in Movant's amended motion. *See* Rule 24.035(j) (motion court is only required to issue findings of fact and conclusions of law on issues presented in the motion). In the absence of a finding by the motion court that Movant's guilty plea was either not knowingly or not voluntarily made, Movant by that guilty plea has waived any constitutional claim for ineffective assistance of counsel arising out of counsel's alleged lack of advice before his guilty plea as to filing the motion for change of judge. *See Cooper,* 356 S.W.3d at 153.

### Decision

Movant's point is denied, and the motion court's judgment denying Movant's Rule 24.035 post-conviction relief motion is affirmed.

NANCY STEFFEN RAHMEYER, and WILLIAM W. FRANCIS, JR., JJ., concurs.