**John C. SANDERS, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**WD 79407**

Missouri Court of Appeals, Western District.

OPINION FILED: FEBRUARY 28, 2017

Jeannette L. Wolpink, Kansas City, MO, Counsel for Appellant.

Daniel N. McPherson, Jefferson City, MO, Counsel for Respondent.

Before Division Two: Lisa White Hardwick, Presiding Judge, Karen King Mitchell, Judge, Rex Gabbert, Judge

Anthony Rex Gabbert, Judge

John C. Sanders appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. He asserts three points on appeal. First he contends that the motion court clearly erred in denying his motion without an evidentiary hearing because he alleged facts, not conclusions, which if true would entitle him to relief and which are not refuted by the record, in that he alleged that his plea counsel failed to ·act as a reasonably competent attorney by failing to investigate the State's allegations, failing to file a motion to dismiss the case, and failing to inform Sanders that he was not required, as a matter of law, to register as a sex offender pursuant to Sections 589.400–589.425, RSMo 2000, giving him a complete defense to the crime he was charged with. Second, he contends that the motion court clearly erred in denying his motion without an evidentiary hearing because he alleged that plea counsel failed to investigate the State's allegations and failed to inform Sanders that he had a viable defense to the crime he was charged with. Finally, he contends that the motion court clearly erred in denying his Rule 24.035 motion because the plea court lacked a factual basis to accept his guilty plea in that the record of the plea hearing demonstrates that Sanders was not required to register as a sexual offender and therefore could not be guilty of failure to register as a sexual offender pursuant to Sections 589.400–589.425. We reverse and remand.

On January 23, 2002, Sanders pleaded guilty to two counts of the class D felony

of endangering the welfare of a child pursuant to Section 568.045, RSMo 2000. In March of 2013, the State filed an Information against Sanders that alleged, in relevant part, that on or about February 11, 2013, Sanders was a registered sex offender under Section 589.400.1(1) and knowingly failed to report to the Lafayette County Sheriff's Department within ninety days of his previous report to verify his registration information. The Information alleged that Sanders was required to report in person because he had been found guilty of or pleaded guilty to the felony of Endangering the Welfare of a Child in the First Degree in the Circuit Court of Dunklin County, Malden, Missouri.

On September 16, 2013, Sanders pleaded guilty to one count of failure to register as a sexual offender. Pursuant to a plea agreement, Sanders received a seven year sentence, with execution of the sentence suspended and he was placed on probation. On August 4, 2014, Sanders' probation was revoked and the seven-year sentence was executed.

Sanders filed a timely *pro se* Rule 24.035 Motion to Vacate, Set Aside, or Correct the Judgment or Sentence, and appointed counsel filed an amended motion. The motion court denied the amended motion without an evidentiary hearing. Sanders appeals.

■ Appellate review of denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009); Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Roberts*, 276 S.W.3d at 835. The movant has the burden of proof by a preponderance of the evidence that the motion court erred in its ruling. *Id.*; Rule 24.035(i).

■ To show entitlement to an evidentiary hearing a movant must: (1) allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the record; and (3) the allegations must have resulted in prejudice. *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo. banc 2002). "An evidentiary hearing may only be denied when the record *conclusively* shows that the movant is not entitled to relief." *Id.* "In order to ensure that claims are decided accurately, the rules encourage evidentiary hearings." *Id.* at 929.

■ We find that Sanders was entitled to an evidentiary hearing as the record does not conclusively show that Sanders' is not entitled to relief. In determining that Sanders' claims were refuted by the record, the motion court found that plea counsel "had ample case law to support his advice" that Sanders was required to register as a sex offender in Missouri because the interplay between the federal sex offender registration laws and Missouri's sex offender registration statutes show that Sanders was required to register under federal law, making registration in Missouri required under Section 589.400.1(7). The State agrees and argues that, because Section 589.400.1(7) of Missouri's mandatory registration law requires registration of anyone who has been or is required to register under federal law, and Sanders pled guilty in 2002 to two counts of endangering the welfare of a child that alleged that Sanders subjected a child to sexual contact, Sanders was required to register as a sex offender in Missouri at the time of his plea. The State contends that, although Sanders' crime pre-dates the federal law, because the federal law has been deemed to apply retroactively to pre-act offenders

under final rules and regulations published by the United States Attorney General, Sanders was required to register pursuant to Missouri's Section 589.400.1(7), even though he would not have otherwise been required to register in Missouri due to Missouri's prohibition against retrospective laws.

The record reflects, however, that the State did not charge Sanders under Section 589.400.1(7), the federal linking portion of the law on which the State relies and on which the motion court relied in concluding that Sanders' plea counsel had ample case law to support counsel's advice; Section 589.400.1(7) was also not discussed at Sanders' plea hearing. The State charged Sanders under Section 589.400.1(1) and submitted Section 589.400.1(1) at the plea hearing as the basis for Sanders' plea. Further, nothing within the charging document or within the plea hearing transcript indicates that Sanders' 2002 child endangerment crime was sexual in nature. Although it appears that the motion court gleaned from records not included in the file on appeal that the underlying crime was sexual in nature, given that child endangerment alone does not require sex offender registration and child endangerment alone was the basis for the failure to register charge both in the charging document and at the plea hearing, without an evidentiary hearing it is impossible to determine Sanders' understanding of his guilty plea. Consequently, the record before us does not conclusively refute Sanders' claims that his plea was not knowingly, voluntarily, and intelligently made because of plea counsel's ineffectiveness and/or because no factual basis existed for the plea. As such, Sanders was entitled to an evidentiary hearing on his claims.

The judgment affirming the denial of Sanders' Rule 24.035 motion without an evidentiary hearing is reversed and remanded for an evidentiary hearing.

All concur.