David E. RICE, Jr., Appellant,

v.

STATE of Missouri, Respondent.

WD 79780

Missouri Court of Appeals, Western District.

Opinion filed: JULY 25, 2017

Carol D. Jansen, for Appellant.

Nathan J. Aquino, for Respondent.

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, Karen King Mitchell, Judge and Anthony Rex Gabbert, Judge

## EDWARD R. ARDINI, JR., JUDGE

David E. Rice, Jr., appeals the judgment of the Circuit Court of Lafayette County denying his amended Rule 24.035 [1] motion for post-conviction relief. On appeal, Rice argues that three ineffective assistance of counsel claims raised in his amended motion were not refuted by the record and therefore he was entitled to an evidentiary hearing on those claims. We find that Rice was entitled to an evidentiary hearing on his claim that he was misinformed by his counsel regarding the amount of his sentence that would have to be served before being eligible for parole. The judgment is reversed and remanded for an evidentiary hearing on that claim.

1. All references are to Missouri Supreme Court Rules (2017) unless otherwise noted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Rice was charged as a prior and persistent offender with felony resisting a lawful stop, felony driving with a revoked license, and misdemeanor possession of a controlled substance. Rice entered an open guilty plea on September 8, 2014. During the plea colloquy, Rice admitted that on or about November 10, 2013, he resisted a lawful stop by fleeing from an officer who he knew was attempting a lawful stop and created a substantial risk of serious physical injury or death to other persons by operating his motor vehicle off of the road and through residential yards. He further admitted that his driver's license was revoked and he possessed marijuana at the time. Rice understood that the driving while revoked charge was enhanced to a felony because he had three prior convictions for driving while his license was revoked. Rice also admitted to other prior felony convictions. Rice affirmatively acknowledged his rights and that he was waiving those rights in order to bring the matter to a conclusion and was examined regarding the performance of his counsel. The judge accepted his plea, finding that "[Rice] voluntarily, intelligently[,] and knowingly entered his guilty plea and that his plea of guilty [was] not the result of threats or promises apart from plea negotiations with the State."

On October 6, 2014, the parties appeared for sentencing. Rice was sentenced to seven years for resisting a lawful stop, seven years for felony driving with a revoked license, and six months for misdemeanor possession of a controlled substance, all to run concurrent to each other and to Rice's previously imposed sentences. Each sentence fell within the applicable range of punishment.[2] The court determined that probable cause did not exist to find that Rice had received ineffective assistance of counsel.

On January 20, 2015, Rice filed a *pro se* 24.035 Motion to Vacate, Set Aside, or Correct the Judgment and Sentence. An amended motion was filed on June 11, 2015, alleging ineffective assistance of counsel and that the sentencing court lacked jurisdiction. On March 7, 2016, the State made an oral motion to deny the amended motion without a hearing, which was granted. On May 6, 2016, the motion court entered findings of fact and conclusions of law denying all claims. This appeal follows.

## STANDARD OF REVIEW

Our review of a trial court's decision on a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous[,]" *i.e.*, whether the reviewing "court is left with the definite and firm impression that a mistake has been made." *Sabatucci v. State*, 420 S.W.3d 597, 602 (Mo. App. S.D. 2013) (quoting Rule 24.035(k)); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). The movant bears the burden of showing "by a preponderance of the

2. "Resisting an arrest . . . by fleeing in such a manner that the person fleeing creates a substantial risk of serious physical injury or death to any person is a class D felony[,]" and "[a]ny person . . . convicted a third or subsequent time of driving while revoked . . . is guilty of a class D felony." § 575.150.5(3) (resisting an arrest); § 302.321.2 (driving while revoked). The maximum term of imprisonment for a class D felony is four years. § 558.011.1(4). However, Rice was found to be a persistent offender, increasing the authorized term of imprisonment to the maximum term allowed for a class C felony (seven years). § 558.016.7(4). Possession of less than thirty-five grams of marijuana is a class A misdemeanor. § 192.202.3. The authorized term of imprisonment for a class A misdemeanor is one year. § 558.011.1(5). All statutory citations are to the Revised Statutes of Missouri 2000, as supplemented through December 31, 2016.

evidence that the motion court clearly erred in its ruling." *Sabatucci*, 420 S.W.3d at 602 (quoting *Roberts*, 276 S.W.3d at 835).

## DISCUSSION

On appeal, Rice alleges that the trial court erred in denying his amended motion without an evidentiary hearing, arguing that he pleaded factual allegations relating to three of his ineffective assistance of counsel claims that were not refuted by the record and would warrant relief if proven. A movant who seeks relief under Rule 24.035 is entitled to an evidentiary hearing if:

> (1) he alleged facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record of his case; and (3) the matters complained of resulted in prejudice to him.

*Roberts*, 276 S.W.3d at 835 (citation omitted). "An evidentiary hearing may only be denied when the record *conclusively* shows that the movant is not entitled to relief." *Id.* (citation omitted).

 "When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care[,] and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). However, where the movant pleaded guilty, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Sabatucci*, 420 S.W.3d at 602 (quoting *Cooper v. State*, 356 S.W.3d 148, 153 (Mo. banc 2011)). The burden is on the movant "to demonstrate that his guilty pleas were not knowingly and voluntarily entered." *Felton v. State*, 103 S.W.3d

367, 371 (Mo. App. S.D. 2003) (citing *Walker v. State*, 698 S.W.2d 871, 874 (Mo. App. W.D. 1985)). The movant "must show, but for the conduct of his plea counsel about which he complains, he would not have pleaded guilty but would have insisted on going to trial." *Roberts*, 276 S.W.3d at 836 (citation omitted); *see also Stanley v. State*, 420 S.W.3d 532, 544 (Mo. banc 2014); *Webb*, 334 S.W.3d at 128. "A plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Roberts*, 276 S.W.3d at 836 (citation omitted). If there are no allegations showing prejudice, then no hearing is required. *Stanley*, 420 S.W.3d at 544 (citation omitted).

## I. Failure of Counsel to Inform Rice of Court Date

 In his first point on appeal, Rice argues that he was entitled to an evidentiary hearing on his claim that he received ineffective assistance of counsel because his counsel failed to notify him of a change in court dates. He asserts that the missed court date, and the length of time before his next court appearance, resulted in him being denied an opportunity to seek a change of judge as a matter of right. As a consequence, he argues that his guilty pleas were not voluntary, knowing, and intelligent.

According to the record, Rice's arraignment in circuit court was held on June 2, 2014. Although Rice's argument is founded on a failure of counsel to notify him of a "change in a court hearing date," the arraignment appears to have been held on the date originally set and there is nothing in the record to suggest that it was ever changed. Rice's alleged confusion regarding the court dates seems to stem from the

fact that he had initially been charged by felony complaint in the associate division of the circuit court before the case was transferred to the circuit court upon Rice's indictment. A determination of the precise factual basis for Rice's confusion is not necessary, however, because his claim is otherwise refuted by the record.

As previously stated, Rice's arraignment was scheduled for June 2, 2014. Although Rice failed to appear at his arraignment, his counsel entered a plea of not guilty on his behalf. Pursuant to Rule 32.07, Rice then had ten days to request a change of judge as a matter of right.[3] Rice argues that his counsel's failure to inform him of the arraignment date denied him this opportunity because the next court date was scheduled for June 16, 2014, more than ten days after his initial plea was entered and thus after his right to obtain a judge as a matter of right expired. Contrary to his assertion, the docket sheet shows that Rice appeared before the trial judge on June 6, 2014, within the ten day window to request a change of judge as a matter of right, refuting his claim that his first appearance in front of the trial judge, after arraignment, was outside the time to obtain a change of judge as a matter of right under Rule 32.07.[4] Because this claim was refuted by the record, Rice was not entitled to an evidentiary hearing.

Point I is denied.

## II. Failure of Counsel to Request Change of Judge for Cause

■ Rice claims in his second point on appeal that he was entitled to an evidentia-ry hearing on his claim that his counsel was ineffective by failing to request a change of judge for cause. Rice's Rule 24.035 motion alleges that the plea judge held a personal bias against him. The record is thin on the precise basis of this asserted bias other than an allegation that the judge presiding over the plea hearing "had a family member living at the care facility in Waverly, Missouri, where [C]ount I of resisting arrest occurred, in part." Rice argues that his counsel's failure to move for a change of judge for cause rendered his plea involuntary, unknowing, and unintelligent.

This claim was also denied by the motion court without an evidentiary hearing and, similar to Point I, is refuted by the record. In direct contradiction to Rice's assertions, the docket sheet reflects that on July 21, 2014, his counsel made an oral request for a change of judge, which was denied. Although it is not clear from the record before us whether the request was for a change of judge as a matter of right or for cause, it is undisputable that the request was made after the time permitted under Rule 32.07 to request a change of judge as a matter of right and thus is presumed to have been premised on a "for cause" theory.

In addition, apart from the fact that the factual predicate for his claim is directly refuted by the record, Rice fails to plead facts demonstrating how he was prejudiced by the alleged ineffective assistance of counsel. No explanation is proffered as to how his counsel's purported failure to

---

**3.** "[A] change of judge shall be ordered in any criminal proceeding upon the timely filing of a written application therefor be any party.... [T]he application must be filed not later than ten days after the initial plea is entered." Rule 32.07.

**4.** Moreover, aside from the factual inaccuracy noted above, Rice fails to explain how his counsel's alleged failure to inform him of the June 2, 2014, arraignment date precluded the filing of a motion for a change of judge in a timely fashion, as Rule 32.07 merely requires that any party or any attorney for any party file a written application for change of judge. Filing such an application does not require that a party appear before the trial court.

request a change of judge for cause resulted in his later guilty plea not being voluntary or knowing. *See Sabatucci,* 420 S.W.3d at 602 ("Any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made."). Rice was aware of the identity of the judge presiding over his case as well as the alleged familial connection to a resident at the care center at the time of the plea and sentencing hearings, and he provides no basis, other than a bare conclusory allegation, to find that he entered his guilty plea because he was "misled, or [ ] induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded." *Roberts,* 276 S.W.3d at 836. Because Rice's claim is refuted by the record and he has failed to plead facts demonstrating he was prejudiced, no evidentiary hearing on this claim was required. *See Stanley,* 420 S.W.3d at 544 (If there are no allegations showing prejudice, then no hearing is required.).

Point II is denied.

### III. Misinformation Regarding Parole

■ Rice's final point on appeal alleges that he was entitled to an evidentiary hearing on his claim that his counsel was ineffective for misinforming him that he would not have to serve eighty percent of any sentence imposed. He argues that he would not have pleaded guilty if he had known that he would be required to serve eighty percent of his sentence and, as a result, his guilty pleas were not voluntary, knowing, and intelligent.

The motion court denied this claim without an evidentiary hearing, stating that "[Rice] was told no one could guarantee when he would be released and that he might have to serve his entire sentence." However, a review of the plea hearing transcript reveals that Rice was only ad-

vised that he could receive a cumulative sentence of up to fifteen years. The State argues that Rice's claim is otherwise refuted by the record because Rice represented to the court during the plea and sentencing hearings that he was pleading guilty only out of hope that the court would order him into a treatment program, never referenced parole eligibility as a basis of his decision to plead guilty, and acknowledged there had been no other promises made regarding the final disposition of this case.

However, the State's argument was specifically rejected by the Missouri Supreme Court in *Webb.* The movant in *Webb* alleged that he had been misinformed by his plea counsel concerning his parole eligibility and argued that he was prejudiced because "but for his attorney's misrepresentation, he would have rejected pleading guilty and, instead, would have insisted on proceeding to trial." 334 S.W.3d at 128. The Missouri Supreme Court held "that where counsel misinforms the client as to the effects of the client's plea, the counsel has rendered ineffective representation." *Id.* at 127. The court specifically explained:

> [A] defendant can say correctly that he was promised nothing, but this does not mean he was given correct advice as to the effects of his plea. Moreover, [the defendant]'s response … that he was satisfied with his attorney's services obviously was not made with knowledge that his plea attorney's alleged advice had been incorrect … [A] negative response to a routine inquiry has not been considered sufficient to refute the record.

*Id.* at 130 (citation omitted). Accordingly, "the motion court's finding that the record refute[d] [the defendant]'s claim [was] clearly erroneous" and the defendant was entitled to an evidentiary hearing. *Id.* at 127, 130. The *Webb* court further noted that the movant would be entitled to relief

if, at the evidentiary hearing, he proved the facts alleged in his motion and "establishe[d] that he was prejudiced by relying on that information." *Id.* at 131.

Rice's allegation is factually indistinguishable from *Webb*, and the motion court's finding that his claim was refuted by the record was clearly erroneous. *See id.* at 130. As in *Webb*, Rice is entitled to an evidentiary hearing on this claim and "may be entitled to relief if he proves the facts he has alleged and establishes that he was prejudiced by relying on misinformation." *See id.* at 131.

Point III is granted.

## CONCLUSION

The motion court's judgment is affirmed in part, reversed in part, and the case is remanded for an evidentiary hearing on Rice's claim raised in Point III.

All concur.