

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **ANTWAIN CEDRICK STEWART,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD81309** |
| | ) | |
| **v.** | ) | **OPINION FILED:  April 9, 2019** |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Robert D. Schollmeyer, Judge

Before Division Two:  Edward R. Ardini, Jr., Presiding Judge, Alok Ahuja, Judge and
Gary D. Witt, Judge

Antwain Stewart ("Stewart") appeals from the denial of his *pro se* post-conviction motion filed under Rule 29.15.[1]  Stewart argues that the motion court erred, in violation of his rights to due process of law and right to post-conviction relief under Rule 29.15, when it accepted the statement in lieu of an amended motion filed by his appointed post-conviction counsel because Stewart's *pro se* 29.15 motion is so facially defective that no

---

[1] All rule references are to Missouri Supreme Court Rules (2018).

attorney could conclude it sufficiently pled sufficient facts to support a claim. Finding no error, we affirm.

## Facts and Procedural History[2]

Stewart was charged as a prior and persistent offender with one count of first-degree burglary. Stewart was represented by appointed counsel prior to trial but waived his right to counsel and represented himself at trial. The facts of the underlying case as summarized in the unpublished memorandum by this Court which was provided to the parties in *State v. Stewart*, 495 S.W.3d 240 (Mo. App. W.D. 2016) are as follows:

> [O]n April 18, 2013, at around 9:00 p.m., P.N. fell asleep in her bedroom with the television on. P.N. left the door unlocked for her son whom she expected home soon. At some point, P.N. woke up and saw a silhouette of a man standing at the end of her bed. Thinking that her son was home, she called out his name, "Brendan." The man said, "Yeah, it is me, Lemon." P.N. realized that the man was not her son, and she moved to the side of the bed. She could see the man's pants were off and that he had an erection. When the man tried to get into bed with P.N., she rolled off the bed and turned on a light. She first ran to her son's room to make sure he was not there. P.N. then ran to the bathroom, but the intruder grabbed the door. When the intruder finally let go of the door, P.N. closed and locked it.
>
> P.N. stayed in the bathroom for a while, thinking that the man would leave. P.N. could hear him running between the bedrooms. She was afraid that her son would come home and the intruder would kill him, so she ran out of the bathroom and retrieved a knife that she kept under her mattress. While holding the knife, P.N. told the man to get dressed because he was leaving her house. The man said, "What, you don't like black guys?" He then asked if she was going to stab him. P.N. said "Yes, if you don't get dressed and leave my house." When the man pulled up his pants, a canvas bag or pouch fell on the floor. P.N. kicked it into the closet. The man said that he needed it, so P.N. picked it up and handed it to him. P.N. then walked the man out of her home at knifepoint, after which she called the police.

---

[2] "On appeal from the motion court's ruling on a Rule 29.15 motion, we view the facts in the light most favorable to the verdict." *Woods v. State*, 458 S.W.3d 352, 354 n.2 (Mo. App. W.D. 2014).

When the police arrived, P.N. gave them a description of the intruder. P.N.'s neighbor overheard the conversation and indicated that she knew where the man lived. The neighbor directed the police to an apartment building about a block away. The people there told the police that the man they were seeking lived in a different apartment on the same street. The police went to that apartment and found Stewart. He was wearing the same clothing that P.N. had described and a trench coat, like one P.N. described the intruder wearing, was lying next to him.

Less than fifteen minutes after the crime, the police took P.N. to Stewart's apartment building, which was two blocks away. As P.N. remained in the police car, the officers shone a spotlight on Stewart. Stewart was handcuffed behind his back. He was wearing the same clothes, the same eye glasses, the same bracelet, and the same canvas pouch that he had on earlier. P.M. identified him as the intruder. She testified that she was one hundred percent certain that Stewart was the man who was in her house. P.N. also identified Stewart in court.

Prior to trial, Stewart filed a motion to discharge his appointed counsel and represent himself. After a full hearing on that motion, wherein the trial court fully explained the perils of self-representation, the motion was granted. A few months later, Stewart changed his mind and requested that counsel be appointed to represent him at trial. That motion was granted, counsel was again appointed to represent Stewart and the trial was continued to allow appointed counsel to prepare. Shortly before the new trial date, Stewart again filed a motion to waive his right to counsel and to represent himself *pro se* before the jury. After a hearing, where the trial court again went over in detail the perils of self-representation, that motion was granted and Stewart proceeded to represent himself at trial. He was convicted by the jury. Following the finding of guilt, the trial court again appointed counsel to represent Stewart in filing a motion for new trial and sentencing. After a sentencing hearing the trial court sentenced Stewart to twenty-five years in the Department

3

of Corrections. Appointed counsel represented Stewart on his direct appeal. His conviction was affirmed.

On October 3, 2016, Stewart timely filed a *pro se* motion pursuant to Rule 29.15. That same day, the motion court appointed counsel to represent Stewart on that motion. The motion court granted a thirty-day extension of time to file an amended motion.

On December 29, 2016, post-conviction counsel timely filed a statement in lieu of an amended motion. The statement in lieu included the following declaration by counsel:

> In the preparation of movant's post-conviction relief case, counsel has discussed this case with movant over the telephone and has reviewed the following: the underlying trial and sentencing transcript, relevant court documents from movant's criminal case, the file maintained by movant's former attorneys from the underlying criminal and direct appeal cases, and the pro se motion filed by movant in the post-conviction case. Based on this review counsel has determined that he will not file an amended motion in the above-captioned matter in that there are no potentially meritorious claims known to counsel, or facts in support thereof that have been omitted from movant's pro se motion.

The statement in lieu further stated that "[p]ursuant to Rule 29.15(e), movant may file a reply to this statement by counsel not later than ten days after this statement is filed." No reply was filed by Stewart.

On July 6, 2017, after a change of judge, the State was directed to file an answer to Stewart's post-conviction motion. On August 2, 2017, the State filed a "Motion to Dismiss Movant's PCR Motion."

On November 15, 2017, the motion court held a motion hearing and denied Stewart's post-conviction motion. The court issued findings of fact and conclusions of law and denied the various claims Stewart had asserted in his *pro se* 29.15 motion. This timely

4

appeal followed with Stewart represented by different appointed counsel who was also from the public defender's office.

## Standard of Review

> Appellate review of a motion for post-conviction relief is "limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Eastburn v. State*, 400 S.W.3d 770, 773 (Mo. banc 2013) (citation omitted); Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Eastburn* at 773 (citation omitted). . . . "This court will not supply findings of fact and conclusions of law by implication from the [motion] court's ruling." *Id.*

*McClure v. State*, 543 S.W.3d 54, 56 (Mo. App. W.D. 2018).

## Analysis

Stewart raises one point on appeal. In his sole point on appeal, Stewart argues that the motion court erred in accepting the statement in lieu filed by post-conviction counsel under Rule 29.15 as the statement in lieu was tantamount to abandonment by post-conviction counsel. Stewart argues that since the statement in lieu can only be filed when the *pro se* motion raises all claims and all the claims are supported by sufficient facts, the motion court erred in accepting the statement in lieu because Stewart's *pro se* motion is so facially defective no attorney could conclude it sufficiently pled facts to support the claims it raised.

> Rule 29.15(e) requires appointed counsel to "ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence." Further, [i]f the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to

5

> ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

Rule 29.15(e).

A statement in lieu of an amended motion is "the mechanism by which postconviction counsel informs the motion court of counsel's determination that an amended motion is unnecessary because, through counsel's actions, postconviction counsel believes all facts and claims known to the movant are included in the *pro se* motion." *Latham v. State*, 554 S.W.3d 397, 402 (Mo. banc 2018).

> Such notice [referring to appointed counsel's obligation to present the movant with a copy of the statement in lieu before it is filed] is also a prerequisite to providing the movant a chance to file a reply. The reply gives the movant an opportunity to respond to postconviction counsel's assertions that all facts and claims known to the movant are included in the *pro se* motion. Inherent in giving a movant the opportunity to respond to the statement in lieu of an amended motion is the possibility the movant has additional facts or claims that would necessitate the filing of an amended motion. Therefore, the purpose of the reply is to ensure no amended motion is actually necessary.

*Id.* at 404.

Stewart's post-conviction counsel set forth the actions he took to ensure that all facts supporting the claims are asserted in the *pro se* motion and all claims known to Stewart were alleged. In his statement in lieu, Stewart's post-conviction counsel stated that he had talked to Stewart and also reviewed the underlying trial and sentencing transcript, relevant court documents from Stewart's criminal case, the files maintained by Stewart's former attorneys from the underlying criminal case and direct appeal case, and the *pro se* motion filed by Stewart.

6

Stewart's post-conviction counsel's statement in lieu provided the necessary information required under Rule 29.15(e) regarding the actions taken to determine the sufficiency of claims and facts pled in the *pro se* 29.15 motion and notified Stewart of his time frame to reply. Stewart failed to file a reply.

Nowhere in his briefing before this Court does Stewart point to any additional actions by his appointed post-conviction counsel which would have had any positive impact on his *pro se* motion. He merely argues that his *pro se* motion was inadequate on its face and therefore appointed counsel failed in his duty to file an amended motion and that this was tantamount to abandonment. However, he fails to show any prejudice from counsel's actions. He does not allege that if an amended motion had been filed, addressing the problems he claims he made in his *pro se* motion, that he would have been entitled to relief or even that his chances of relief would have increased by the filing of an amended motion.

The motion court did not clearly err in accepting Stewart's post-conviction counsel's statement in lieu and denying relief under the *pro se* motion.

This holding is consistent with this Court's recent opinion in *Perkins v. State*, 2018 WL 5795536 (Nov. 6, 2018) (application for transfer denied by Missouri Supreme Court April 2, 2019 and case mandated on April 3, 2019, No. SC97705). In *Perkins*, Perkins filed a *pro se* motion for post-conviction relief that did not identify any claims, and instead stated it was "[t]o be amended by appointed counsel". *Id* at *3. Perkins's appointed counsel filed a statement in lieu of an amended motion, stating that he had reviewed plea counsel's files, the transcript from Perkins's guilty plea and sentencing, Perkins's *pro se* motion, and

7

correspondence from Perkins. *Id.* Perkins's appointed counsel determined that there were no claims to be raised in the amended motion. *Id.* at *4. In his appeal before this Court, Perkins argued that the motion court erred in failing to conduct an abandonment inquiry following appointed counsel's filing of a statement in lieu of an amended motion. *Id* at *6. This Court found that the motion court did not clearly err in failing to conduct an abandonment inquiry where appointed counsel timely filed a facially sufficient statement in lieu of an amended motion. *Id.* at *16.[3]

Not every case gives rise to valid claims under Rule 29.15. In fact most cases do not.[4] Just because a defendant files a *pro se* motion under this Rule does not mean that appointed counsel will be able to find and assert additional valid claims, and just because appointed counsel is unable to find and assert additional valid claims does not automatically equate to abandonment. Appointed counsel has an ethical duty not to bring clearly invalid claims. In this case Stewart fails to assert any additional claims which appointed counsel should have brought in an amended motion or what additional facts should have been brought forward in an amended motion or how those additional facts may

---

[3] The Concurring Opinion opines that additional relief should be available to Stewart because, "counsel's decision to not amend or supplement [the *pro se*] motion is the result of counsel's failure to discharge their duties" which is tantamount to a claim of ineffective assistance of PCR counsel, a claims that has been consistently and repeatedly rejected by our Supreme Court as "categorically unreviewable." *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016)(internal citations omitted).

[4] Of the 179 PCR opinions issued by this District of the Missouri Court of Appeals between January 1, 2017 and December 31, 2018, only seven cases were reversed in favor of the defendant. *Jamison v.* State, No. WD81210, 2018 WL 6611477 (Mo. App. W.D. Dec. 18, 2018)(Rule 24.035 ) (motion court erred in overruling *pro se* rule 24.035 motion without appointing counsel); *Naylor v. State,* No. WD80774, 2018 WL 6047971 (Mo. App. W.D. Nov. 20, 2018) (Rule 24.035) (motion court erred in dismissing the motion as untimely); *Benedict v. State*, No. WD81119, 2018 WL 6047963 (Mo. App. W.D. Nov. 20, 2018) (Rule 24.035) (erred in dismissing the amended motion based on escape rule); *Sayre v. State*, 545 S.W.3d 881 (Mo. App. W.D. 2018) (Rule 24.035); *Huston v. State*, 532 S.W.3d 218 (Mo. App. W.D. 2017) (Rule 24.035); *Bellamy v. State*, 525 S.W.3d 166 (Mo. App. W.D. 2017) (Rule 24.035); *Rice v. State*, 524 S.W.3d 524 (Mo. App. W.D. 2017) (Rule 24.035); *Sanders v. State*, 512 S.W.3d 53 (Mo. App. W.D. 2017) (Rule 24.035).

have resulted in greater success on the underlying motion. Appointed counsel filed a statement in lieu asserting that there were no additional valid claims to be asserted on Stewart's behalf. This was sufficient under the Rule. Stewart has failed to establish prejudice or abandonment.

Stewart argues that since the Missouri Supreme Court in *State v. Gates*, 466 S.W.2d 681 (Mo. 1971) disallowed the *Anders*[5] procedure, post-conviction counsel should not be allowed to use statements in lieu rather than filing a motion to withdraw. In *State v. Gates*, the Missouri Supreme Court held that direct appeal and post-conviction counsel cannot withdraw under the *Anders* procedure and must file a brief on the merits or a statement in lieu.[6]

However, in the case on appeal, Stewart's post-conviction counsel was not proceeding under *Anders*. Stewart's post-conviction counsel did not withdraw from representing Stewart. Stewart's post-conviction counsel was only following the procedures set forth under Rule 29.15(e). Stewart's post-conviction counsel was not required to file an amended motion, if after taking the necessary actions to determine if all facts supporting the claims were asserted in the *pro se* motion and all claims known to counsel are asserted in the *pro se* motion. Counsel did not find any additional facts or claims which would

---

[5] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court outlined a procedure an attorney could follow when he or she could not identify a nonfrivolous claim. The procedure allowed counsel to: (1) file a motion to withdraw accompanied by a brief that refers to a nonfrivolous claim; (2) permit the appellant to add anything to the brief,; have the appellate court review the proceedings and make a determination if the case actually is wholly frivolous; (4) if the case is wholly frivolous then permit the attorney to withdraw and dismiss the appeal or if the case is not wholly frivolous then have counsel represent the appellant on the nonfrivolous claims. *Id.* at 744.

[6] When a movant's *pro se* motion alleges valid claims, appointed counsel still serves an important function and may present evidence and advocate for movant at the evidentiary hearing on the motion rather than withdrawing simply because counsel is unable to adduce additional valid claims from the record.

increase the chances of success on the *pro se* motion and so filed a statement in lieu.  This complied with counsel's obligations under the Rule.

Finding that the motion court did not err in accepting Stewart's post-conviction counsel's statement in lieu, Point One is denied.

## Conclusion

The motion court's judgment is affirmed.

_____
Gary D. Witt, Judge

All concur
Ahuja, J. concurs in separate opinion



# In the
# Missouri Court of Appeals
## Western District

ANTWAIN CEDRICK STEWART, )
                                    )
      **Appellant,** )
                                    )
**v.** )    **WD81309**
                                    )
**STATE OF MISSOURI,** )    **OPINION FILED:  April 9, 2019**
                                  )
      **Respondent.** )

## CONCURRING OPINION

I concur.  I believe the Court's opinion correctly applies the law announced in cases such as *Waggoner v. State*, 552 S.W.3d 601 (Mo. App. W.D. 2018) (from which I dissented), and *Perkins v. State*, No. WD80745, 2018 WL 5795536 (Mo. App. W.D. Nov. 6, 2018).  Under those decisions, any claim of abandonment by appointed counsel is foreclosed where counsel submits a facially sufficient Rule 29.15(e) statement, generally describing the actions counsel took to investigate whether to file an amended motion.

If not bound by this precedent, I would favor a rule requiring a circuit court to conduct an abandonment inquiry in cases like this one in which (1) the *pro se* motion on its face fails to effectively assert <u>any</u> claim for relief, or fails to assert <u>any</u> facts to support the claims asserted; and (2) counsel files a Rule 29.15(e) statement, stating that <u>no</u> additional claims or facts will be pleaded in an amended motion.  In these circumstances, counsel's decision not to file an amended motion makes the denial of post-conviction relief to the movant virtually inevitable.  Counsel's Rule

29.15(e) statement must be read together with the *pro se* motion counsel has chosen to leave unaltered. Where the *pro se* motion is patently deficient, there is a significant risk that counsel's decision to not amend or supplement that motion is the result of counsel's failure to discharge their duties, despite the generalized statements contained in a facially sufficient Rule 29.15(e) statement. I believe the better rule in these circumstances would be to require the circuit court to conduct the limited inquiry required by *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), before denying the movant relief.[1] That approach is inconsistent with our current caselaw, however, by which I consider myself bound.

_____
Alok Ahuja, Judge

---

[1] The Supreme Court explained in *McDaris v. State*, 843 S.W.2d 369 (Mo. banc 1992), that the *Luleff* inquiry "may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing," so long as the inquiry results in "a sufficient record . . . to demonstrate on appeal that the motion court's determination of the abandonment issue is not clearly erroneous." Id. at 371 n.1.

2